BOYNTON & a. v. HODGDON.

In trespass *qu. cl.*, tenants in common should join as plaintiffs.

When one is in possession of land under color of title, the conveyance only operates to define the extent of his possession.     .

When one claims a tract of land to which he has no title, he is deemed to have possession of so much only as he actually occupies.

If A enters into possession of a parcel of land having a good title to thirty-eight sixtieths and color of title by deed to the rest of it, B also being in possession claiming three sixtieths under color of title from the levy of an execution, B's levy and entry thereunder being prior to A's deed and entry thereunder, and neither party evicts the other, B has the better title to three sixtieths, and the parties will be tenants in common, B of three sixtieths and A of fifty-seven sixtieths, and neither can maintain trespass *qu. cl.* against the other.

TRESPASS, *qu. cl.* Plea, the general issue. Facts found by referees.

There were sixty original proprietors of the town of Kilkenny, and one hundred and twenty lots lotted, two lots being drawn to each proprietor. The rest of the town, comprising a large part thereof, was undivided. The town is uninhabited. The plaintiffs in 1863 became the owners of twenty-eight and one third sixtieths of the town, by purchase of that number of the rights of the original proprietors thereof, by undisputed titles. They also held deeds of warranty of nine and two thirds sixtieths of the town from different individuals, but their title did not extend back to the original proprietors. These deeds conveyed to the plaintiffs not only the rights of the proprietors to land which had been allotted, but also all their rights to the undivided lands in the town. In 1863 the plaintiffs entered upon the premises, and claimed the whole town by virtue of their deeds, some of which purported to convey the whole town. The earliest deed of this kind was in 1863, and was between the plaintiffs, given from one to another.

The defendant claims a one-half interest, undivided, with his brothers, to three of the original rights in the town, under a quit-

claim deed from one Green, dated December 14, 1874, conveying all his right, title, and interest in and to the rights of three of the original proprietors. Green obtained his title by the levy of an execution in April, 1854, whereby the rights of three of the original proprietors were set off to him as the property of one Russell, whose title was derived from one Bosworth by deed of warranty dated August 28, 1835. There was no evidence of title in Bosworth. When these three rights were set off on Green's execution against Russell, the officer and appraisers entered upon the premises and delivered seizin thereof to Green. The three rights claimed by the defendant were none of those which had been specially conveyed or attempted to be conveyed to the plaintiffs. The trespass complained of was committed on the undivided portion of the town. There was no eviction of either party by the other of the whole premises or of any particular part thereof.

The defendant claimed that the plaintiffs were tenants in common, and therefore could not unite in bringing this action, nor maintain their suit. The plaintiffs claimed that as there was no plea in abatement of the joinder of the plaintiffs, the action could be maintained. The defendant claimed that if liable for any damage, he was only liable for thirty-eight sixtieths of the whole damages; but the referees, against the defendant's exception, ruled that the plaintiffs were entitled to recover, and assessed full damages in their favor.

*Ray, Drew & Jordan,* for the defendant.

*W. & H. Heywood* and *Burns,* for the plaintiffs.

SMITH, J. In trespass *qu. cl.,* tenants in common should join as plaintiffs. The action is for an injury to the possession, and the possession is joint. 1 Ch. Pl. 52; 4 Kent Com. 368; *Campbell* v. *Wallace,* 12 N. H. 370; *Webber* v. *Merrill,* 34 N. H. 202, 208.

By the unquestioned conveyances to the plaintiffs of twenty-eight and one third sixtieths of the town in 1863, they became seized of fifty-six and two thirds lots which had been allotted, and twenty-eight and one third undivided sixtieths of the part which had not been allotted. The defendant takes under a deed from Green, whose title is derived from his levy in 1854 on three original rights; and as Green entered into possession at the time of the levy, he and his grantee are presumed to have remained in possession since, nothing appearing to the contrary, according to the maxim that a state of things being shown to exist is presumed to continue until evidence to the contrary is shown. 1 Gr. Ev., s. 41; *Cobleigh* v. *Young,* 15 N. H. 493, 502; *Prop. of Kennebeck Purchase* v. *Springer,* 4 Mass. 417. Their possession for more than twenty years gave the defendant a title by adverse possession to three undivided sixtieth parts, unless it was interrupted by the entry of the plain-

tiffs in 1863; and the plaintiffs and defendant would be tenants in common of the unallotted part of Kilkenny, the plaintiffs owning twenty-eight and one third sixtieths and the defendant three sixtieths.

If it be assumed that the conveyances to the plaintiffs of nine and two thirds shares in 1863 gave them good titles to so much of the township, they would then be the owners of seventy-six lots and thirty-eight sixtieths of the undivided land. This is all their deeds covered, and their possession is presumed to be according to their title. But being in possession of thirty-eight sixtieths of the undivided land, they undertook to convey and reconvey to each other the whole tract, and under color of such conveyances they claim title to the whole tract. These conveyances among themselves could only operate to define the extent of their possession. One who enters upon land without title is deemed to have possession of so much only as he actually occupies—*possessio pedis;* but when he enters under color of title, he is presumed to occupy constructively according to the boundaries named in his deed. But in either case he acquires no title to the land as against one having a better title, until he has occupied adversely for twenty years. The conveyances of the plaintiffs among themselves gave them no title to land which they did not previously own, as against one having title to it. They owned only thirty-eight sixtieths, and their deeds to each other could not convey the twenty-two sixtieths which they did not own, as against any one who had a better title to twenty-two sixtieths, or to any part thereof. The defendant's grantor had been in possession of three sixtieths since 1854. Green's possession of three sixtieths was prior to the plaintiffs' possession of twenty-two sixtieths by nine years. When they entered in 1863, claiming the whole, they did not turn the defendant out. Neither party has evicted the other. The plaintiffs and the defendant are therefore tenants in common; and a tenant in common cannot maintain trespass *qu. cl.* against his co-tenant without an eviction and ouster. *Odiorne* v. *Lyford,* 9 N. H. 502, 511; *Daniels* v. *Brown,* 34 N. H. 454; *Kenniston* v. *Leighton,* 43 N. H. 309, 312; *Wood* v. *Griffin,* 46 N. H. 230, 237. The defendant is entitled to

*Judgment on the report.*

STANLEY, J., did not sit: the others concurred.