SAMUEL D. HOUGHTON *vs.* CARL C. W. WILHELMY.

Worcester. December 8, 1892. — January 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Writ of Entry — Evidence of Title in the Tenant by Adverse Possession — Finding of Justice.*

On a writ of entry, in which the demandant claimed that the tenant had disseised him of a tract of land, there was evidence against the demandant that a fence had been maintained along the side of the demanded premises since 1863 for keeping out cattle, that the land had been planted for several years at about that date, that it had been let to one or more tenants, and that during this whole period there was nothing to show any inference or assertion of title on the part

of the demandant or his predecessors till after the building of a house on a part of the land in question in 1887. *Held,* that as all the evidence against the demandant was to be taken at the strongest, the court could not say that there was no evidence of title in the tenant by adverse possession sufficient to be considered and weighed.

The evidence necessary to prove adverse possession varies with the character of the land.

On a writ of entry it was held that the finding of the justice who had the advantage of seeing the witnesses must stand.

WRIT OF ENTRY, dated August 5, 1891, in which the demandant claimed that the tenant had disseised him of a tract of land situated on the northerly side of Lamartine Street in Worcester. At the trial in the Superior Court, without a jury, before *Bond,* J., the following plan was offered of the locus in question.

The lot marked " M. L. McIntire " was conveyed by Latina McIntire to the wife of Jacob Eidt, October 12, 1882, and conveyed by Mrs. Eidt to the tenant, November 1, 1886.

The lot represented on the plan west of the lot marked " M. L. McIntire " was formerly owned by one Bugbee, who

conveyed it to one Butler, who conveyed it to Jacob Eidt in 1863.

The lot represented on the plan and marked " Houghton " was conveyed in 1858 to Samuel H. Houghton, the father of the demandant, who died in 1866.

The demandant acquired the title by deed from his mother, brothers, and sisters in 1881, and conveyed in 1883 a lot forty-six feet and eight inches wide on the north end, and forty-seven feet wide on Lamartine Street, to Joseph Beaudry.

The lot next east of the " Houghton " lot was owned by one Bordreaux, who conveyed to one Bacon.

The lot next west of the lot conveyed by Butler to Jacob Eidt was owned by one Stone.

All of these lots were formerly owned by one Thayer, who laid them out and located the street.

The demanded premises are represented on the plan between the dotted line marked " fence," and the line on the east side of the lot marked " M. L. McIntire."

Upon a part of this tract the tenant built a house in 1887.

Lamartine Street, shown on the plan, was made public in 1870, Lafayette Street in 1871, and Quinsigamond Avenue in 1878.

It was admitted by the tenant that the record title to the lot in question was in the demandant, and that the plan correctly indicated the boundary lines called for by the descriptions in the various deeds, and that the fences of the lot now occupied by the tenant were also correctly indicated, as heretofore explained, so that the strip of land thirteen feet wide, more or less, demanded in this writ was not included in the description by metes and bounds in the tenant's deed, or in that of any of his predecessors in title.

The tenant denied that the demandant had proved that he, or those under whom he claimed, had been seised of the demanded premises within twenty years last past, but asserted that he or they had not been so seised, because of the adverse possession of the tenant and those under whom he claimed.

The tenant offered evidence of several witnesses to the effect that a fence for keeping out cattle had been maintained along the east side of the demanded premises since 1863; that the

land had been planted for several years at about that date; that it had been let to one or more tenants, and that during this whole period there was nothing to show any interference or assertion of title on the part of the demandant or his predecessors till after the building of a house on a part of the tract in 1887.

The demandant asked the judge to rule that the tenant had failed to show such an adverse use as would entitle him to recover, and to find for the demandant. The judge declined so to rule, and found for the tenant; and the demandant alleged exceptions.

*F. W. Blackmer & E. H. Vaughan,* for the demandant.

*C. F. Aldrich,* for the tenant.

ALLEN, J. The only exception is to the refusal upon all the evidence to find for the demandant. We cannot say that there was no evidence of title in the tenant by adverse possession which was sufficient to be considered and weighed. At this stage of the case, all the evidence against the demandant is to be taken at the strongest. There was evidence against him that a fence had been maintained along the east side of the demanded premises since 1863 for keeping out cattle, that the land had been planted for several years at about that date, that it had been let to one or more tenants, and during this whole period there was nothing to show any interference or assertion of title on the part of the demandant or his predecessors till after the building of the tenant's house in 1887. The evidence necessary to prove adverse possession varies with the character of the land. *Bowen* v. *Guild,* 130 Mass. 121. The finding of the justice, who had the advantage of seeing the witnesses, must stand.

*Exceptions overruled.*