Coös, 　}
April 1, 1902. }

HOPKINS *v.* DEERING.

In an action of trespass *quare clausum*, the question whether title has been acquired by adverse possession is properly submitted to the jury where the evidence tends to show that the defendant and his ancestor in title have been in adverse, continuous, and uninterrupted possession of the lands in controversy for more than twenty years, under a claim of right, and that the plaintiff has made no claim to and exercised no dominion over the premises during the same period.

TRESPASS, *quare clausum*, for breaking and entering lot No. 108 in Northumberland, and cutting and carrying away wood and

timber. Trial by jury and verdict for the defendant. Trans-
ferred from the November term, 1901, of the superior court by
*Wallace*, C. J.

The defendant claimed title to the premises in controversy by
adverse possession, and that was the only question tried, except
the amount of damages if the jury should render a verdict for
the plaintiff. At the close of the case the plaintiff requested the
court to take the question of adverse possession from the jury,
and to instruct them that the acts which the defendant claimed
were performed by him, or those acting under him, on lot 108,
were as a matter of law insufficient to support his claim of title to
the lot by adverse possession, and that the only question for the
jury was the amount of damages to which the plaintiff was entitled.
This request was denied, subject to exception, and the case was
submitted to the jury under instructions to which no exception
was taken.

*Sullivan & Cleaveland*, for the plaintiff.

*John E. Benton*, for the defendant.

Remick, J. It appears that formal possession of the lot in con-
troversy was delivered to William Heywood under a void levy of
execution in 1863; that he afterward claimed to own it until
1880; that he lumbered more or less on the lot in the meantime;
that he sold stumpage therefrom to Barton G. Towne, who logged
on the lot with several men for about one month between 1867
and 1870; that one Stalbird worked with another man and horses
for Heywood logging on the lot, for about ten days in the year
1879; that during the time Heywood claimed to own it, it was
known as the "Heywood lot" in the neighborhood where it was
situated; that the plaintiff ceased paying taxes on the lot and
exercising ownership over it in 1878, because he understood some
one had acquired a tax title; that he so believed until a short time
before this suit, April 2, 1900; that Heywood sold the lot to the
defendant by warranty deed, October 1, 1880; that from that
time until the date of the suit the defendant was in continuous
adverse occupation of the lot; that from 1878 until April 2, 1900,
the plaintiff made no claim to and exercised no act of ownership
over the lot, although he lived for many years about five miles
from it.

Upon the foregoing facts we think the plaintiff's request was
correctly denied, and that the question of adverse possession was
properly submitted to the jury. *Riley* v. *Jameson*, 3 N. H. 23,
27; *Towle* v. *Ayer*, 8 N. H. 57, 59; *Breck* v. *Young*, 11 N. H.

485; *Bailey* v. *Carleton*, 12 N. H. 9, 15; *Wendell* v. *Moulton*, 26 N. H. 41; *Gage* v. *Gage*, 30 N. H. 420; *Grant* v. *Fowler*, 39 N. H. 101; *Farrar* v. *Fessenden*, 39 N. H. 268, 281; *Forest* v. *Jackson*, 56 N. H. 357, 362; *Boynton* v. *Hodgdon*, 59 N. H. 247, 248; *Clark* v. *Clough*, 65 N. H. 43, 78; *Webb* v. *Richardson*, 42 Vt. 465, 473; *Aldrich* v. *Griffith*, 66 Vt. 390; *Bowen* v. *Guild*, 130 Mass. 121; *Warren* v. *Bowdran*, 156 Mass. 280, 282; *Houghton* v. *Wilhelmy*, 157 Mass. 521; *Bond* v. *O'Gara*, 177 Mass. 139; *Jordan* v. *Riley*, 178 Mass. 524; *Williams* v. *Buchanan*, 1 Ired. 535; *Finn* v. *Land Co.*, 72 Wis. 546; *Leeper* v. *Baker*, 68 Mo. 400; *Ewing* v. *Burnet*, 11 Pet. 41.

*Exception overruled.*

All concurred.