Cheshire,   }
March 5, 1907. }

## WELLS v. PARKER.

While a parol grant of an easement may constitute merely a revocable license, possession thereunder for twenty years by the grantee claiming to be the owner, with the acquiescence of the grantor, will establish title in the grantee by prescription.

In such case, if it is doubtful upon the evidence what the understanding of the parties was as to the character of the grantee's possession, the question must be submitted to the jury.

TRESPASS *quare clausum*, for passing to and from a spring of water on the plaintiff's land, across the road from the defendant's house, and taking water therefrom. Trial by jury. The defendant pleaded a prescriptive right to the use of the spring. Transferred from the April term, 1906, of the superior court by *Pike*, J.

Some time before 1850, one Willard owned both the Wells and the Parker land, and conveyed the Parker place to Mason, who built the house now occupied by the defendant. After various transfers, the title to this place was acquired in 1864 by Mrs. McCollister, who continued to own it until 1886, when the title passed from her and finally vested in the defendant in 1900. There was evidence tending to show that for fifty years or more the owners of the Parker place had used the spring in question. Mrs. McCollister testified that when she went to live in the Parker place the family got their water from the spring or well opposite the house; that some three years later they dug a well about two rods from the other one and on the same land, and used the water from it while she owned the place; that Willard, the owner of the Wells place, gave " us permission to dig it," that " he gave me a right to use water there," that he said: " You have a perfect right to use water from that well; I give you permission "; that she supposed she had a right to the new well, but did not claim a right to the old one.

The plaintiff moved that a verdict be directed in his favor, on the ground that there was no evidence from which the jury could properly find that the use made of his premises by any one under whom the defendant claims, from 1864 to 1886, was adverse. The court granted the motion, and the defendant excepted.

*John E. Allen*, for the plaintiff.

*Cain & Benton*, for the defendant.

WALKER, J. The evidence of adverse possession is not suffi-cient to show that a prescriptive right to the easement accrued before 1850; for up to that time for many years both places were owned by the same person. One cannot gain a title by prescrip-tion in his own land. *Stevens* v. *Dennett*, 51 N. H. 324, 330. Hence the adverse possession, if any, had not been maintained for the necessary period of twenty years in 1864, when Mrs. McCol-lister bought the Parker place, nor had it matured when she dug the new well and ceased to use, or abandoned, the old one. In fact, it appears from her testimony that she made no claim of ownership in the old well, but confined her claim to the new one. It is therefore unnecessary to consider the effect of her possession or that of her grantors in the old one.

The defendant's position is, that Mrs. McCollister entered into the enjoyment of the water-easement in question under a claim of right, which was inconsistent with a revocable license and adverse to the title of Willard, who then owned the servient estate; and that she persisted in that claim, in connection with her undis-turbed possession, for more than twenty years. If the evidence is sufficient in law to authorize the jury to find the necessary facts involved in the defendant's position, the court erred in directing a verdict for the plaintiff, though the burden of proving title by adverse possession was upon the defendant.

It is argued in behalf of the plaintiff, that if the evidence authorizes an inference of fact that there was a parol grant of the spring or its use, it was in law merely a revocable license, which necessarily measures the extent of the grantee's claim and proves that it was not of an adverse character. *Taylor* v. *Gerrish*, 59 N. H. 569, is relied upon in support of this position. That was an action of trespass *quare clausum*. One defence was that the defendant had acquired a right to the easement in question by prescription. The facts were reported by a referee, who found a verdict for the plaintiff; and the question was whether upon the facts the verdict could be sustained. It appeared that in 1833 the owner of the premises by parol gave the defendants' grantor the right to the spring, saying that "if she would dig it out, and stone it up, and lay a pipe to convey water to her house, she might have it in welcome." She constructed the well and water-course, and continued in the use and occupation of it until 1874. There was no direct evidence what her claim was as to the ownership of the spring, but her grantees insisted that, notwithstanding the verdict for the plaintiff, the facts showed that she acquired a title by prescription as a matter of law. The question was not whether there was sufficient evidence of adverse possession to sustain a verdict for the defendants, as in the present case, but whether it

conclusively appeared that the referee erred in his application of the law in returning a verdict for the plaintiff. The arrangement between the parties in 1833, in view of the situation of the property and other competent circumstances, was evidence upon the question of the character of the possession. It might show to the trier of the fact that it was understood that the donee of the easement was to enter upon the enjoyment of it as an owner, though without a technical deed, and hence that her possession was adverse to the donor's title; or it might authorize a finding that she entered under a merely revocable license, and hence that it was not adverse, but in subordination to the superior title. The verdict seemed to establish the fact that her entry and possession were of the latter character, from which it resulted as a matter of law that she acquired no title by prescription. The court say: "From 1833 to 1858, when Ladd parted with his title, the user was permissive, and therefore, down to 1858, neither the defendants nor their grantors had acquired a title by prescription." If the general finding had been for the defendants, it would have been proper to say that the user was, as a matter of fact, adverse and not in accordance with, or in subordination to, the license, which was the legal effect of the arrangement. While no estate passed for want of a deed, the parties may have treated the transaction as having that effect; and if they did, the donee's subsequent uninterrupted possession might reasonably be deemed to exist under a claim of ownership, with the knowledge and acquiescence of the donor. The legal effect of the transaction did not preclude the parties from claiming that it had a different effect, which, if persisted in for a sufficient length of time and attended with an uninterrupted possession, would give the donee a title equivalent to a title by deed. It is thus apparent that it was not decided in *Taylor* v. *Gerrish*, that when A undertakes orally to give B an undefined right to an easement in land, it would not be competent for a jury to find, in the absence of direct evidence, that B entered claiming in fact to be the owner of the easement, with the knowledge or acquiescence of A; but that when it is found by the trier of the fact that B's entry was understood by both parties to be under, and by virtue of, A's revocable license, and that no different claim had been entertained by them during the period of A's occupation, the latter acquired no prescriptive title,—a holding that is in accord with the weight of authority. See cases cited in *Taylor* v. *Gerrish*; also, *Sumner* v. *Stevens*, 6 Met. 337; *Stearns* v. *Janes*, 12 Allen 582; Bus. Lim., *s.* 267; Wood Lim., *s.* 260. The intention in accordance with which the possession was given and received, though different from the legal effect of the transaction, is the important thing; and when it is

evidenced by the testimony of witnesses from which different inferences may be drawn, it can only be found as a fact, and does not rest on legal presumptions.

In the present case the question is whether the defendant adduced evidence sufficient to support a verdict in her favor. It is insisted by the plaintiff that Mrs. McCollister's testimony does not tend to show that she ever claimed to own the spring, or that Willard ever had notice that she made such a claim. She testified, in substance, that Willard gave her permission to dig the well and a perfect right to use the water at the well. Whether the parties intended that Mrs. McCollister should thereby enter and use the water as an owner or as a tenant at sufferance, is not clear; the duration or extent of the right given is not defined; but the inconclusiveness of her testimony does not lead to the result that, when weighed in connection with the circumstances attending the transaction, it would not warrant a finding that she entered, when she dug the well, claiming to be the owner of it, with the knowledge of Willard. If that is found to be the fact, her continued occupation for more than twenty years, without objection or interruption by Willard or his grantees, would perfect her prescriptive title. His knowledge of her claim need not be proved by actual notice, but may be inferred from the circumstances attending the original transaction. No reason is apparent why one may not as well claim to be the owner of land in his possession under a parol gift, as under a deed which for some defect in execution conveys no title. In both cases it might be held that the occupant was in law merely a tenant at sufferance; but that conclusion of law would not prevent his claiming to be the owner in the former case, any more than it would have that effect in the latter case. And when, as in this case, the parties employ language whose meaning is doubtful unless considered in connection with all the attendant circumstances, the question of their understanding of its effect, or their mutual claims in regard to it, should obviously be left to the jury. A finding upon that issue does not qualify or contradict the legal effect of the transaction at the time, but it may establish the original fact from which title by prescription results, in the absence of any assertion by the grantor of his legal right during the prescribed period of twenty years. The ruling of the court was, therefore, incorrect, and the verdict must be set aside.

*Exception sustained.*

All concurred.