Cheshire,
Jan. 3, 1928.

MARTTI SALMINEN & a. v. ANDREW JACOBSON.

*John J. Landers*, for the plaintiffs.

*John G. Annala* (of Massachusetts) and *Arthur Olson* (*Mr. Annala* orally), for the defendant.

BRANCH, J. The defendant's first four requests for rulings constituted in effect a motion that the bill be dismissed, and the only question argued by him is the sufficiency of the evidence to sustain the findings of the court. The exceptions to the admission of evidence were waived. An examination of the record discloses ample evidence to prove the existence of a well-defined roadway across the defendant's premises and its use by certain of the plaintiffs and their predecessors in title, openly as of right, and adversely to the defendant and his predecessors in title for as much as twenty-nine years. It was agreed by the plaintiffs that this roadway had been used only as a winter road, "when snow is on the ground and the ground is frozen so that no damage would result to the owner of the land." It appeared that a part of the territory traversed by the road was swampy, which precluded its use except when the ground was frozen. The evidence of user was consistent with the plaintiffs' limited claim of right, and characteristic of the kind of road described. It appears to have been used chiefly by the owners of woodlots remote from a public highway for the purpose of getting out wood and lumber. It might be found that this use, while intermittent and irregular, was nevertheless continuous, since it was never interrupted by any assertion of paramount right by the proprietors of the defendant's premises. *Pease* v. *Whitney*, 78 N. H. 201, 204; *Barker* v. *Company*, 78 N. H. 160, 164. Proof of the foregoing facts established the right of the plaintiffs. *Hopkins* v. *Deering*, 71 N. H. 353, and cases cited.

If the court's finding that certain of the plaintiffs have "obtained the right to pass along said roadway in the usual pathway to their respective properties," should be limited by restricting the time when the road can legally be used to the winter months, such a limitation will no doubt be made upon motion in the superior court. The order in this court must be

*Exceptions overruled.*

All concurred.