Rockingham, }
April 2, 1929. }

ADA FOWLER, *Adm'x, v.* TONY WICASACK *& a.*

*George R. Scammon* and *Ernest L. Guptill*, for the plaintiff.

*Samuel W. Emery*, for the defendants.

BRANCH, J.   The only ground upon which the defendants seek to sustain the court's ruling is that "a mere permissive use of the land of another for any length of time confers no rights of continued enjoyment," and "The plaintiff's use of the way has always been by

virtue of the permission of Taylor." The only basis for this contention to be found in the evidence is the testimony of Adah Trull, set forth above. If this testimony would justify a finding that Mary J. Walker commenced her use of the way under a mere verbal license or grant of permission from Taylor, it would also support a finding that Taylor undertook to give a parol grant of a right of way, and upon the motion for a nonsuit the plaintiff was entitled to have the evidence considered in the light most favorable to her. *Stevens* v. *Company*, 73 N. H. 159, 163. It is settled law in this state that the use of an easement under a claim of right founded upon a parol grant may be adverse so as to establish title in the grantee by prescription. *Wells* v. *Parker*, 74 N. H. 193; 19 C. J., Tit. Easements, *s.* 55. "No reason is apparent why one may not as well claim to be the owner of land in his possession under a parol gift, as under a deed which for some defect in execution conveys no title . . . and when, as in this case, the parties employ language whose meaning is doubtful unless considered in connection with all the attendant circumstances, the question of their understanding of its effect, or their mutual claims in regard to it, should obviously be left to the jury." *Wells* v. *Parker, supra*, 196. The case of *Taylor* v. *Gerrish*, 59 N. H. 569, upon which the defendants rely, received careful consideration in the case last quoted, and was found to be entirely consistent with the rule set forth above. It follows that the court erred in ordering nonsuits in the cases at bar, and the order must be

*New trial.*

All concurred.