Belknap,
Feb. 3, 1931.

FRED R. WEEKS *v.* THOMAS MORIN.

*Thomas P. Cheney* (by brief and orally), for the plaintiff.

*Napoleon J. Dyer* and *Frank P. Tilton* (*Mr. Dyer* orally), for the defendant.

SNOW, J.    The parties hold paper titles to adjacent lots in the fourteenth range in the town of Gilford.    Both lots are bounded on the east by the range line, the defendant's lot being the easterly portion of original lot number 8 in said range and the plaintiff's the easterly portion of original lot number 9 therein.    The former lies northerly of the latter.    The defendant acquired title March 28, 1901, by a deed which defines the lot conveyed as carrying a width, north and south, of thirty-six and one-third rods and as containing sixteen acres more or less.    The plaintiff's deed, dated December 2, 1905, bounds the granted lot on the north by land formerly owned by "the Sleeper

heirs," which is the land now owned by the defendant. Neither deed refers to monuments on the dividing line, and no earlier record of the titles is in evidence. It appears to be conceded that the boundary line between lots 8 and 9 is a straight line.

The master finds, in accordance with the plaintiff's claim, that the line runs easterly from a pile of stones, situated at the southwesterly corner of the defendant's lot through a stone bound marked "1836" set in the ground near the range line. The figure "8" is cut in the north face of this stone and the figure "9" in the south face. The trespass complained of was the cutting of growth on the land lying between said line and a one strand wire fence nailed to trees twenty or more feet distant southerly therefrom, hereinafter called the disputed tract. The cutting is admitted and no exception is taken to the amount of damages awarded. The master finds that the occupation of this tract by the defendant has not been of a character to give him title thereto by prescription. On the foregoing findings entry of judgment for the plaintiff followed as a matter of course. Therefore, the only question of law presented by the record is the sufficiency of the evidence to support the findings of the location of the true line and of the want of prescriptive title in the defendant.

On the question of the true line, the plaintiff testified that at the time of the purchase of his lot in 1905 his grantor pointed out to him a crooked beech tree as his northeast corner, and the stone bound marked "1836" as a line monument, stated to him that he did not know the exact location of his "lower corner," and explained that the strand of wire was placed on his own land to keep his cattle from straying into the woods and was not on the line; that upon a recent survey he discovered the pile of stones at the southwest corner of the defendant's lot, and that the tree and these monuments are substantially in a straight line. The defendant's evidence, on the other hand, tended to show that, at the time of the purchase of his lot in 1901, his grantor agreed to mark the southerly line of his lot by monuments, and that shortly thereafter he found iron pipes driven in the ground at each end thereof, and between them a line of wooden stakes driven at intervals of thirty-five to forty feet; that subsequently thereto, in 1902, the plaintiff's grantor installed the wire fence on the line of said pipes and stakes; that shortly after his purchase he observed the stone marked "1836" but supposed it a grave stone; that he had no knowledge of the beech tree or pile of stones until shortly before the trial; that the plaintiff first called his attention to a dispute as to the line in 1923; that the line claimed by the plaintiff, and found by the mas-

ter, is not parallel with his (the defendant's) north line, and at one end is less than thirty-six and one-third rods therefrom making the area of his lot slightly less than the sixteen acres mentioned in his deed. The monuments on the line claimed by the plaintiff had the appearance of ancient bounds while those on that claimed by the defendant did not. On this conflicting evidence the issue as to the location of the original boundary line between the lots presented a question of fact for the master whose finding is conclusive.

On the question of prescriptive title, the defendant's evidence tended to show that, in conjunction with his lot numbered 8, he had done some work on the disputed tract every year from 1901 to 1924, at first clearing up dead wood and bushes, trimming trees, and cutting annually a small quantity of wood for his camp; that since 1912 he tapped the maple trees thereon; that, in 1913, 1917 and 1923, he cut wood therefrom for the market; that he employed the plaintiff to haul to the Laconia market some twenty cords cut upon the disputed tract in 1913. The plaintiff denied any knowledge of the defendant's occupation prior to 1913. He, however, admitted hauling the twenty cords from the lot in the winter of 1913-14, but says that, this cutting was midway of the disputed strip where there was nothing to indicate the location of the line and that he did not then have positive knowledge that the cutting was on his land. He testified that he then requested the defendant to join with him in having the line run, and, upon further cutting by him in 1923, caused the line to be run, discovered the pile of stones at the southwest corner of the defendant's lot, and thereupon brought his bill. He further testified to cutting a few cords of wood for himself at two different points on the disputed area in 1915 and in 1923. The master finds that the disputed territory was unenclosed wood land and that no division fence was maintained by either party; that the strand of wire installed by the plaintiff's grantor had not been kept up, was not supposed to mark the boundary between the two lots and was not of itself notice to the plaintiff that the defendant claimed to that line; and that the defendant's occupation of the disputed tract "has not been so open continuous and notorious as to give him any title by prescription."

The defendant appears to concede that, to establish title by adverse possession for twenty years, he had the burden of showing that his occupation had been open, visible, continuous and exclusive (*Smith* v. *Hosmer*, 7 N. H. 436, 441; *Little* v. *Downing*, 37 N. H. 355, 367; *Cushing* v. *Miller*, 62 N. H. 517, 525; *Hopkins* v. *Deering*, 71 N. H. 353, 354), but contends that he has submitted evidence of his

continuous and exclusive occupation of the tract from 1901 to 1923 and that it stands undisputed, except for the minor and isolated cutting by the plaintiff in 1915; that the plaintiff at the time of his purchase in 1905, as a matter of law, was put upon his inquiry, but negligently failed to investigate and discover such occupation, and therefore is chargeable with constructive notice thereof.

The defendant's error lies in his assumption of the conclusiveness of his proofs. Where, as here, actual knowledge by the owner of the claimant's possession for a material portion of the prescriptive period is not shown, such occupation, in order to support a claim of prescriptive title, must have been of a character calculated to give notice to the owner of an adverse claim to the land by the possessor. *Bailey* v. *Carleton,* 12 N. H. 9, 16; *Little* v. *Downing, supra,* 367; 1 R. C. L. Ad. Poss. *s.* 9. It must have been sufficiently notorious to authorize a presumption that the owner was notified of it. *Pease* v. *Whitney,* 78 N. H. 201, 203. Whether or not the defendant occupied the disputed tract in the manner and to the extent claimed, and whether or not such occupation was of such a character as to appraise an ordinarily prudent owner that the defendant was claiming title thereto were questions of fact for the master. Upon these issues the master was not bound to accept the testimony of the defendant and his witnesses at their face value.

In other words the issue here is not, as counsel for the defendant seems to assume, whether on the reported evidence, the members of this court would find as the master has found, but whether any reasonable man could so find. Upon a review of the evidence, we are unable to say that no reasonable man could find, as the master has, that the defendant's occupation lacked the notoriety necessary to support his claim of prescriptive title.

Exceptions taken to the evidence relate solely to damages and are not urged.

The order therefore must be

*Judgment for the plaintiff.*

All concurred.