Hillsborough,
June 3, 1941. } No. 3242.

## KITTY McDONALD *v.* TEXCRAFT PRODUCTS CO.

*Maurice A. Broderick*, for the plaintiff.

*Sheehan & Phinney* (*Mr. Phinney* orally), for the defendant.

ALLEN, C. J. The plaintiff worked in the defendant's office for about four years. Throughout the period its financial condition was unsound, as she was aware, and she was paid irregularly towards her services, the unpaid balance increasing as time went on. During her service it was agreed that when the defendant should be in a position of financial strength and success, it would pay her whatever balance might be due her, and she continued her employment upon that understanding. After terminating her employment by reason of ill health, she brought this action while the defendant was still unsuccessful in its business if it was not in fact altogether insolvent. The court found that the defendant was indebted to the plaintiff, but that the action could not be maintained because of the agreement that payment of the balance due should be dependent upon the defendant's financial stability.

While the contract was oral, its terms, so far as the trial disclosed them, were not in dispute, and its construction is to be treated as matter of law, the same as in the case of contracts reduced to writing. *Fitch Company* v. *Insurance Co.*, 82 N. H. 318, 319, and author-

ities cited. Assuming that the contract may not be attacked on the ground of indefiniteness as to what would constitute the defendant's financial strength or success, it contemplated postponement of payment only during the plaintiff's continuance of service. Although the terms of the agreement are terse, they show no more than a working arrangement for payment while the plaintiff remained in the defendant's employ.

She agreed to deferment of part of what became due her in order to retain her position. Clearly it was not intended that she should work for pay less than her services were worth or on the chance that her claim might never mature. Under the view taken by the trial court the plaintiff's death would not have advanced the due date and the defendant's bankruptcy would have left her with an unprovable claim. "It is the very great improbability that the parties intended a result so absurd that leads to the conclusion, in the absence of evidence to the contrary, that they had no such intention." *Kendall* v. *Green*, 67 N. H. 557, 563, quoted in *Theobald* v. *Shepard*, 75 N. H. 52, 57. As between a construction resulting in "inconvenience, hardship, or absurdity" and one which avoids such a result, the latter is adopted "because men in general do not enter freely into contracts which are absurd or frivolous." *Kendall* v. *Green*, *supra*, 563, quoted in *Robinson Company* v. *Drew*, 83 N. H. 459, 462.

Literalness of language yields to reasonableness when choice is given, and it is not reasonable to give to the agreement a meaning that the plaintiff should not stand in the position of a general creditor when her relations with the defendant came to an end. "The proper interpretation of a contract is that which will make it speak the intention of the parties at the time it was made, and to accomplish that, too much stress is not to be laid upon the precise meaning of words when the intention is manifest." *Salmon Falls &c. Co.* v. *Company*, 46 N. H. 249, 255. The agreement in its essence related to the plaintiff's employment. It provided an incident thereof, and employment ceasing, reason for the further operation of the agreement ceased. More probably than not, the terms of the agreement set forth a meeting of the minds of the parties to defer payment only while services were being rendered. The value of the services was not contingent upon its results, and a speculative character was not inherent in the value. To hold that one in the position of the plaintiff would stake a substantial part of her compensation upon an uncertain event beyond her engagement of service would imply a willingness of sacrifice not to be found without unequivocal state-

ment of it, and hardly to be accepted by her employer as a matter of fair dealing.

The disclosure of the agreement, construed in the light of the admitted facts, is that the parties had in mind only an arrangement for deferring part of the plaintiff's compensation while her employment might continue.

*New trial.*

All concurred.