Rockingham
No. 7417

DOROTHY HOLBROOK

v.

ROBERT DOW, INC. & a.

November 30, 1976

*R. Laurence Cullen,* by brief and orally, for the plaintiff.

*Casassa, Mulherrin & Ryan (Mr. John J. Ryan* orally) for the defendants.

GRIMES, J.   In this action for injunctive and related relief, the issues involve the location of a right of way and the question whether a measurement begins at the sideline of a highway right of way or from the edge of the paved road.

The case was tried before a Master, *William H. M. Beckett,* Esq., whose report was approved and a decree was entered in accordance therewith. The exceptions of all parties were transferred by *Cann,* J.

By deed of December 12, 1968, Ralph Milton Fish conveyed the back or northerly portion of a parcel of land on the northerly side of Route 107 in Kensington to defendant Robert Dow, Inc., together with two rights of way from Route 107 over his remaining property to the land conveyed to Dow. Only the location of the right of way over the westerly portion of the property is in question. Dow operates a gravel bank and a wash plant to produce washed stone, sand and gravel on its property.

By deed of November 23, 1971, Fish conveyed the southerly portion of the parcel, upon which is located a residence, to plaintiff subject to the rights of way contained in the deed to Dow. At this time, Dow was already operating its gravel business and had been using the right of way, as presently located on the ground, under a lease before it purchased the property.

In the deed to Dow the right of way in question was described as being "twenty feet wide and shall begin at a point on said 107, which is 30 feet easterly from the southwesterly boundary of land of Grantors and southeasterly boundary of land of said George and said right of way shall extend for 275 feet to the parcel hereby conveyed and shall at all points be not more than twenty feet wide nor at any point no more and no less than 30 feet from the boundary of said George land . . . ."

Defendants assert that this language is ambiguous and argue that the parol evidence introduced at trial should be considered in

locating the way as it presently is located on the ground. The master ruled that the deed was not ambiguous, that the parol evidence not be considered but that the right of way should be twenty feet wide and that it be entirely confined to within thirty feet of the George boundary.

We find no error in this finding and ruling. The path which has in fact been used by defendants and which the parol evidence intended to support is at its farthest point, 76.9 feet easterly of the George boundary. By no possible interpretation of the deed could the deed be construed to locate the right of way at that point. The parol evidence would therefore be of no assistance in construing the deed even if the deed were to be held to be ambiguous in some respects. The master was correct, in our opinion, in ruling that the entire right of way was confined to within thirty feet of the George line and that it be no more than twenty feet wide. This much at least the deed makes clear. The court's order that defendants cease using the present area of travel and confine themselves to the 30-foot area was therefore proper.

Plaintiff contends that the court erred in ruling that the 275-foot measurement, which establishes the southerly boundary of the Dow property and the northerly boundary of the plaintiff's property, should begin at the edge of the paved part of Route 107 instead of at the edge of the highway right of way. The deed from Fish to Dow describes the property conveyed as beginning at a point on a fence marking the boundary with the George property "which said point is 275 feet Northerly from the Northerly side line of said Route 107 measured along said fence . . . ."

There was evidence that the remains of stone walls exist on each side of Route 107; that they are three rods or 49.5 feet apart and that these mark the edges of the layout of the highway. The paved portion varies in widths from 27.5 feet to 23.5 in this location but apparently is 24 feet wide for most of the distance in front of the Holbrook property. There is also a line of trees which follow closely the stonewall along the northerly edge of the highway right of way.

The master found that although the highway right of way may be three rods wide the southerly boundary of plaintiff's property ran along the northerly edge of the traveled or paved way and that therefore the 275-foot measurement should start from there to establish the northerly boundary of his property. In our opinion, the determination was erroneous.

The question is not where the southerly boundary of plaintiff's property is located. By the usual rules of construction, unless the State held the fee it would be the center of the road. *Luneau v. MacDonald,* 103 N.H. 273, 173 A.2d 44 (1961). The question rather is the location of the reference point from which the 275-foot measurement is to be made to determine the southerly boundary of the defendant's land. This is the boundary which the common grantor established in separating his plot into two parcels and it is the line which he used to except from his conveyance to the plaintiff the land he had previously conveyed to Dow. We are of the opinion that in their usual meaning the words "the Northerly sideline of said Route 107" refer to the northerly sideline of the highway layout or right of way and not to the edge of the pavement. We find nothing in the evidence that would justify a departure from the usual meaning and, therefore, sustain the plaintiff's exception on this point. If the parties to a deed intend a measurement to begin at the edge of a pavement, they can of course so specify.

The master found that the use of the "present area of travel by defendant constitutes a trespass on plaintiff's land" but recommended that no damages be awarded. Plaintiff contends this was error and that she is entitled to damages. However considering the fact that defendant had been using this area during the ownership by Fish without complaint from him, we cannot say that as an equitable matter the court was wrong. *See Webb v. Rye,* 108 N.H. 147, 153, 230 A.2d 223, 228 (1967). Moreover, we find no evidence in the record from which damages to the plaintiff's land could be determined.

*Plaintiff's exceptions sustained in part and overruled in part; defendant's exception overruled.*

BOIS, J., did not sit; the others concurred.