Carroll
No. 7817

Charles J. Cataldo & a.

v.

Allen R. Grappone & a.

December 30, 1977

1044

*Nighswander, Lord, Martin & Killkelley,* of Laconia (*Mr. David J. Killkelley* orally), for the plaintiffs.

*James D. O'Neill,* of Laconia, by brief and orally, for the defendants.

PER CURIAM. This case involves an alleged easement on the property of the defendants, and a counterclaim for trespass and other damages by the defendants. The trial before a Master (*John D. McLaughlin,* Esq.) resulted in a recommendation that the plaintiffs had sustained their burden of proving continuous adverse use for the prescriptive period. The court issued a decree in accordance with the master's recommendation and enjoined the defendants from interfering with the plaintiffs' use of the right of way. During the course of trial both the defendants and the plaintiffs seasonably excepted to the denial of certain motions and requests for rulings of law and findings of fact, and to portions of the master's report. All questions of law raised by the foregoing exceptions were reserved and transferred by *King, J.*

The right of way in issue is a certain road, referred to at trial as "Road A", which runs over a portion of the defendants' land. The plaintiffs purchased their property in 1953, and alleged in their amended petition that they have been adversely using Road A to obtain access to their property since that time. The defendants

purchased a lot adjoining the plaintiffs' property in 1974. After the purchase, they erected a barrier across the road to prevent any further use of the road by the plaintiffs.

 The defendants' principal argument is that the master's finding that the plaintiffs have been adversely using Road A for the prescriptive period is unsupported by the evidence. Whether the plaintiffs satisfied the requirements for acquiring an easement by prescription was a question of fact to be determined at trial. *Ucietowski v. Novak*, 102 N.H. 140, 145, 152 A.2d 614, 618 (1959); *Gowen v. Swain*, 90 N.H. 383, 386, 10 A.2d 249, 251 (1939). In reviewing this factual determination the issue "is not . . . whether on the reported evidence, the members of this court would find as the master has found, but whether any reasonable man could so find." *Brown v. Hitchcock Memorial Hospital*, 117 N.H. 739, 378 A.2d 1138 (1977); *Weeks v. Morin*, 85 N.H. 9, 12, 153 A. 471, 472 (1931).

██ ██ Defendants first challenge the master's finding that plaintiffs' use of Road A was uninterrupted for the prescriptive period. Mr. Merriman, a witness for the defendant, testified that in 1957 he notified Mr. Banfield, the then owner of the Grappone property, that a gate, concededly built by the plaintiffs on the road in question, was on Mr. Banfield's property. Thereafter the gate was moved from its original location further along Road A. This testimony did not require that the master find that the plaintiffs' use of the roadway was interrupted as defendants apparently contend. The master was free to give this testimony the weight he felt it was entitled to and could even refuse to credit it entirely. *Powley v. Lessard*, 117 N.H. 991, 380 A.2d 681 (1977). Plaintiffs introduced evidence that the dispute concerning the gate was over its location, but that plaintiffs' right to use Road A was not challenged. There was also evidence that the gate remained on Road A, continued to be maintained and controlled by the plaintiffs, and that the plaintiffs' use of Road A continued. This evidence was sufficient to sustain a finding that the plaintiffs' use was not interrupted by any assertion of paramount right or voluntary abandonment. *See Leo Foundation v. State of New Hampshire*, 117 N.H. 209, 372 A.2d 1311 (1977); *Jean v. Arsenault*, 85 N.H. 72, 74–75, 153 A. 819, 820 (1931); Comment, *Interruption of Use: A Prescription for Prescription*, 25 U. Fla. L. Rev. 204, 208 (1972).

■ Defendants challenge the master's finding that the plaintiffs' use of the right of way in question was continuous for twenty years, the period necessary for acquiring an easement by prescription. *Weeks v. Morin*, 85 N.H. 9, 11, 153 A. 471, 472 (1931). One of the defendants' witnesses testified that the road in question did not exist in 1954. However, on cross examination the witness stated that he considered a road to be a way that is passable "the year round." The plaintiffs' evidence tended to establish that the road has been in existence since at least 1953 and has been used at least intermittently since that time. The master could find on this evidence that the plaintiffs' use of the road was continuous for twenty years. The use, although intermittent and of slight volume, was "characteristic of the kind of road claimed." *Leo Foundation v. State of New Hampshire*, 117 N.H. at 212, 372 A.2d at 1313; *Blake v. Hickey*, 93 N.H. 318, 321–22, 41 A.2d 707, 709 (1945).

■■ Defendants also contend that there was insufficient evidence to find that the plaintiffs' use of Road A was "open and notorious." However, plaintiffs introduced evidence that Road A was clearly visible on the ground since at least 1953, and that the family had been openly using the right of way since that time. There was also testimony that the Cataldos maintained the road and put in a culvert. From this evidence the master could infer that the plaintiffs' use was of a "character calculated to give notice to the owner of an adverse claim to the land by the possessor," *Weeks v. Morin*, 85 N.H. at 12, 153 A. at 472. In addition, there was evidence tending to establish that the prior owners of the Grappones' property and the Grappones themselves actually knew of plaintiffs' use of Road A. This evidence is sufficient to satisfy the requirement that plaintiffs' use be open and notorious. "A possession which is adverse and actually known to the true owner is equivalent to a possession which is open and notorious . . ." *Pease v. Whitney*, 78 N.H. 201, 204, 98 A. 62, 64 (1916).

■ The defendants argue that the master's report reveals that he applied the wrong law to the case at bar. The master refers in his report to the Restatement of Property § 477, comment b (1944) ("Prescriptive interests depend for their existence upon the principle that an adverse use made continuously and uninterruptedly for the prescriptive period becomes thereafter legally justified") which concededly is taken from the chapter concerning the extent of prescriptive easements, as opposed to their creation. However, we find

no error in applying this general statement to the creation of a prescriptive easement. *See Hoban v. Bucklin,* 88 N.H. 73, 86–87, 186 A. 8, 10 (1936); 4 H. Tiffany, The Law of Real Property § 1191 (3rd ed. 1975). Nowhere in the master's report does it appear that he applied the wrong law.

■ The plaintiffs alleged in their petition a right of way in the road in question by deed, in addition to rights acquired through prescription. The master did not decide whether the plaintiffs had been granted a right of way in Road A by deed, considering it unnecessary in view of his finding that an easement by prescription had been established, but he did state that "this did strengthen the plaintiffs' position that they were acting under a claim of right." The defendants contend that the master erred in allowing the question of title by deed to enter into his determination of whether a prescriptive easement had been acquired. The two claims, however, are not inconsistent, *See Fowler v. Wicasack,* 83 N.H. 573, 145 A. 665 (1929); *Wells v. Parker,* 74 N.H. 193, 66 A. 121 (1907) and a claim of adverse possession may in fact be strengthened when one has color of title. *Gowen v. Swain,* 90 N.H. 383, 386, 10 A.2d 249, 251 (1940); *Boynton v. Hodgdon,* 59 N.H. 247, 249 (1879). We find no error with the master's treatment of the question of title by deed.

■ The defendants argue that the master erred in relying on plaintiffs' exhibit #20 in making his findings, which purports to be a plan of the network of roads in question, prepared by plaintiffs' surveyor, Mr. Hambrook. Defendants, however, made no objection at trial to the admissibility of the exhibit. The master could accord to the exhibit whatever weight he felt it was entitled. The master viewed the area in question, and found plaintiffs' exhibit #20 to be a "fair representation of the area and network of roads as viewed by the Master. . . ." This finding is supported by the evidence, including the testimony of defendants' own surveyor, Mr. Merriman, that he had "perfect confidence in Mr. Hambrook's plan."

■ The defendants' next contention is that the master erred in allowing Lawrence Cataldo, a son of the plaintiffs, to testify to his interpretation of an aerial photograph purportedly showing the existence of Road A in 1954. Defendants' objection to this testimony is that Lawrence Cataldo's qualifications as an expert on aerial photograph interpretation were not sufficiently established.

However, whether Lawrence Cataldo possessed the requisite qualifications to give an opinion on the aerial photograph was a question of fact to be determined by the master. *Bohan v. Company,* 98 N.H. 144, 147, 95 A.2d 786, 789 (1953); *Emery v. Company,* 89 N.H. 165, 169, 195 A. 409, 412 (1938). Lawrence Cataldo testified that he had some experience in viewing aerial photographs, and that he was familiar with the area in question. On the basis of this testimony the master could find that Lawrence Cataldo was qualified to give an opinion as to the identity of Roads A, B, and D on the aerial photograph.

The defendants argue that the master failed in his report to define the extent or scope of the easement found to exist, and that the case should be remanded for such a determination. However, the master did define in his report the geographical boundaries of the easement. As to the character and extent of the use which the plaintiffs may make of the easement, this matter is generally fixed and determined by the user under which the easement was acquired. *Hoban v. Bucklin,* 88 N.H. at 80, 184 A. at 366 (1936); 2 G. Thompson, The Law of Real Property § 349 (1961). The master found that the plaintiffs have used Road A for ingress to and egress from their property by foot and vehicle. This is the use that has been acquired by prescription and which is authorized by the court's decree. There is no need to remand the case to further define the scope of the plaintiffs' right of way.

The final issue that must be decided relates to the plaintiffs' exceptions to the failure of the master to award them monetary damages. The master found that the defendants had committed a trespass by interfering with the plaintiffs' use of the easement found to exist, "but in a technical sense only", and the court enjoined the defendants from continuing to interfere with the plaintiffs' right of way but refused to award the plaintiffs damages. There was evidence which tended to support the denial of damages, and we cannot say that as an equitable matter the master was wrong. *Holbrook v. Robert Dow, Inc.,* 116 N.H. 701, 704, 366 A.2d 476, 479 (1976).

*Exceptions overruled.*

All concurred.