LAMPRON, J., did not sit.

Rockingham
No. 7908

AKTINA COUSSOULE AND COUSSOULE CORP.

v.

WALTER REDDEN

January 16, 1978

*Flynn, McGuirk & Blanchard,* of Portsmouth (*Raymond P. Blanchard* orally), for the plaintiffs.

*Peter J. Loughlin,* of Portsmouth, by brief and orally, for the defendant.

## MEMORANDUM OPINION

This is an action on the case alleging that the defendant, as electrical inspector for the city of Portsmouth, exceeded his authority in ordering the termination of electrical service to the Dolphin Hotel. A motion to dismiss filed by the defendant was granted. Plaintiffs' exceptions were transferred by the Trial Court, *DiClerico, J.*

Walter Redden was appointed electrical inspector in 1969 and in May of that year inspected the Dolphin Hotel for electrical code violations. Following a discussion of the violations with the city attorney, Mr. Redden on June 6 notified the plaintiffs that service would be terminated on June 11 unless the violations were corrected. On June 11, 1969, service was terminated.

Plaintiffs assert that the city building commission had jurisdiction and, therefore, the acts of the defendant were outside the scope of his employment. While a review of the city's ordinances reveals that the building commission may have had authority to terminate service, the electrical inspector may do likewise under article XIX, § 12-1903 (c) (2). The trial court's ruling to this effect is correct.

Plaintiffs argue that defendant cannot be clothed with any immunity for his conduct because he never took the required oath of office. The trial court found that the evidence was insufficient to support plaintiffs' burden of proof on this point. The finding is based on evidence sufficient to sustain the court's conclusion. *See Cataldo v. Grappone,* 117 N.H. 1043, 381 A.2d 1194 (1977) (per curiam) and *Wheelen v. Robinson,* 117 N.H. 1032, 381 A.2d 742 (1977).

Defendant, therefore, was acting within the scope of his governmental employment when power was terminated in 1969. The motion to dismiss was properly granted. *See* RSA 31:104 (Supp. 1975).

*Exception overruled.*

LAMPRON, J., did not sit.