BELKNAP TEXTILES, INC.

v.

BELKNAP INDUSTRIES, INC. & a.

January 28, 1981

*Wescott, Millham & Dyer*, of Laconia (*Gary P. Westergren* orally), for the plaintiff.

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*James L. Burke* orally), for the defendant.

KING, J.   This is an action for the collection of $21,955.11 which the plaintiffs contend the defendant owes them as commissions on certain sales of socks. A Master (*Mayland H. Morse, Jr.*, Esq.) found that the parties had formed an express oral agency contract providing for these commissions. Accordingly, the Trial Court (*Batchelder*, J.) entered a judgment for the plaintiffs for the entire amount. The defendant appeals that decision on the ground that the master's finding was erroneous as a matter of law. We affirm.

Belknap Textiles, Inc., brought an action in assumpsit against Belknap Industries, Inc., to recover commissions relating to the sale to Timely Products of socks manufactured by the defendant. Belknap Textiles, Inc., claimed $21,955.11 as the amount due. The writ was later amended to add the names of Harold Clayton and William Stowell, Jr., the incorporators of Belknap Textiles, Inc., as plaintiffs.

A review of the record discloses that the plaintiffs alleged an express oral contract of agency between the parties which called for the plaintiffs to arrange for the sale to Timely Products of socks manufactured by the defendant. In return for their services, the plaintiffs were to receive $1.09 per dozen units of socks sold. The defendant denied the existence of the agency agreement and argued, alternatively, that if there was an agreement, its terms were uncertain. The master heard the testimony of the plaintiffs describing the course of the negotiations leading to the formation of the contract. The master also heard the testimony of John MacAllister, the defendant's president and treasurer, who testified that the defendant was "phasing out" of the sock business and accepted the Timely Products order solely as an accommodation to the plaintiffs. He contended that the plaintiffs were keenly interested in purchasing Belknap Industries, Inc., and for that reason desired that Belknap Industries, Inc., have the Timely Products account. Based on the above testimony, and other evidence introduced at trial, the master found that the plaintiffs and the defendant had formed an oral agency contract and that its terms were as the plaintiffs alleged.

■■ The resolution of conflicts in the evidence and determination of issues of fact are functions of the trier of fact. *E.g., New Bradford Co. v. Meunier*, 117 N.H. 774, 776, 378 A.2d 748, 750 (1977); *Guy v. Hanley*, 111 N.H. 73, 76, 276 A.2d 1, 3 (1971). Because the proper standard of review with respect to the weight of evidence is not whether this court would have found differently but whether a reasonable person could find as did the master, *Humiston v. Bushnell*, 118 N.H. 759, 761, 394 A.2d 844, 845 (1978); *Weeks v. Morin*, 85 N.H. 9, 12, 153 A. 471, 472 (1931), we will not disturb the decision of the finder of fact unless it is clearly erroneous. *Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. 773, 777, 329 A.2d 144, 147 (1974).

The defendant first argues that the master failed to construe the contract in the light of the presumption that parties to a contract act reasonably and in their own best business interest, and that the master's decision is therefore erroneous as a matter of law. The defendant relies on *McDonald v. Company*, 91 N.H. 411, 20 A.2d 638 (1941), as establishing this rule. We reject this contention.

■■ To begin with, the evidence did not compel a finding that the terms of the agreement were against all reasonable business interests of the defendant when the contract was formed. The master was free to conclude that the defendant accepted the Timely Products order to make a profit, to enhance the marketability of the business to potential buyers other than the plaintiffs, or for any number of other reasons. Furthermore, the principle expressed in *McDonald* is more properly termed a rule of construction than a presumption. Indeed, the court in *McDonald* stated that because the terms of the contract, although oral, were not in dispute, it was as if the contract were written, and its construction was a matter of law for the court. 91 N.H. at 411, 420 A.2d at 639. This case, however, involves a factual dispute as to the terms of the contract, which is properly resolved by the finder of fact, rather than a question of interpretation of terms not in dispute, which would be a question for this court. *See Thiem v. Thomas*, 119 N.H. 598, 602, 406 A.2d 115, 117 (1979).

■■ The defendant next argues that the master failed to properly consider the subsequent acts of the parties as they related to the construction of their agreement. In support of this contention, the defendant offers examples of how its conduct and statements subsequent to the date it accepted the Timely Products order indicate that it never felt obligated to pay the commissions. Again, a review of the record indicates that the plaintiffs' evidence

controverted that of the defendant. Furthermore, although the subsequent acts of the parties are relevant, they are not necessarily more probative than other evidence. We cannot say that the master's decision is unreasonable on this ground.

The defendant also argues that the defendant was not enriched as a result of its association with the plaintiffs and that, therefore, the master erred in concluding that the doctrine of unjust enrichment formed a basis of the plaintiffs' recovery. The defendant, however, misconstrues the master's findings. Although the master did discuss the possibility of unjust enrichment, his decision expressly states that an agency relationship was formed between the parties. Thus, whether the transaction benefited the defendant is immaterial.

■ Finally, the defendant argues that the decision of the master was against the weight of the evidence and erroneous as a matter of law. We do not agree. Although the defendant's evidence supported its position, the plaintiffs' evidence also supported their position. There was not such an imbalance in the evidence as to preclude a reasonable person from finding as did the master. *See Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. at 776–77, 329 A.2d at 147.

Having reviewed the findings of the master in light of the evidence, we conclude that the master's decision was not unreasonable. The judgment is, accordingly, affirmed.

■ The plaintiffs allege that the defendant's appeal was frivolous and intended to defeat or delay recovery of the judgment and therefore request that we award double costs, additional interest and attorney's fees pursuant to RSA 490:14-a (Supp. 1979) and Supreme Court Rule 23. We deny this request. Although the defendant has not prevailed on appeal, we cannot say that the appeal was frivolous. The defendant's error in this case is only in his assumption of the conclusiveness of his proofs. *See Weeks v. Morin*, 85 N.H. at 12, 153 A. at 472.

*Affirmed.*

BOIS, J., did not sit; the others concurred.