Sweet v. Hadco                              CV-95-576-M    01/18/96

UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Debora Sweet,
     Plaintiff,

     v.                                        Civil No. 95-576-M

Hadco Corporation, and
Robert Breton,
     Defendant.


                              O R D E R


     Alleging sexual harassment, plaintiff, Debora Sweet, brings

this action against defendants, Hadco Corporation ("Hadco") and

Robert Breton, under Title VII, 42 U.S.C. § 2000e et seq.  Sweet

also brings supplemental state law causes of action.  Hadco moves

to dismiss Sweet's state law causes of action, arguing that they

are barred by New Hampshire's workers' compensation law.  For the

reasons discussed below, Hadco's motion to dismiss is granted.


I.    BACKGROUND

     Sweet's federal and state law causes of action arise out of

alleged sexual harassment on the part of Hadco and its employee,

Robert Breton.  Counts I, II, and III of Sweet's complaint are

founded on Title VII and are not the subject of Hadco's motion to

dismiss.  Count IV of Sweet's complaint alleges intentional

infliction of emotional distress on the part of defendants.

Count V alleges negligent infliction of emotional distress by

defendants.  Count VI seeks enhanced compensatory damages for the

actions complained of in Counts IV and V.


II.  **STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of

limited inquiry, focusing not on "whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims."  Scheuer v. Rhodes, 416 U.S.

232, 236 (1974).  In considering a motion to dismiss, "the

material facts alleged in the complaint are to be construed in

the light most favorable to the plaintiff and taken as admitted,

with dismissal to be ordered only if the plaintiff is not

entitled to relief under any set of facts he could prove."

Chasan v. Village District of Eastman, 572 F. Supp. 578, 579

(D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984)

(citations omitted).


III. **DISCUSSION**

   A.    **Count IV - Intentional Infliction of Emotional Distress**


2

Count IV alleges that, through a series of actions that culminated in Sweet's constructive discharge, Hadco committed the common-law tort of intentional infliction of emotional distress. Hadco contends that New Hampshire's workers' compensation law, N.H. Rev. Stat. Ann. § 281-A:8, bars an employee from bringing common-law actions for injuries arising out of the employment relationship.

New Hampshire law contains an "exclusivity provision" which reads:

> An employee of an employer . . . shall be conclusively presumed to have accepted the provisions of this chapter and . . . to have waived all rights of action whether at common law or by statute or provided under the laws of any state or otherwise:
> (a) Against the employer . . . .

N.H. Rev. Stat. Ann. § 281-A:8(I) (Supp. 1994). This exclusivity provision unquestionably bars employees from maintaining common-law causes of action against their employers for personal injuries arising out of the employment relationship. O'Keefe v. Associated Grocers, 120 N.H. 834, 835, 424 A.2d 199, 201 (1980); Censullo v. Brenka Video, Inc., 989 F.2d 40, 43 (1st Cir. 1993) (interpreting New Hampshire's workers' compensation law); Miller v. CBC Companies, No. CV-95-24-SD, slip op. (D.N.H. Nov. 29,

3

1995); <u>Frechette v. Wal-Mart Stores</u>, No. CV-94-430-JD, slip op. (D.N.H. Sept. 26, 1995).

This court has interpreted the workers' compensation statute to prohibit suits against an employer for both intentional and non-intentional torts. <u>Miller</u>, <u>supra</u>; <u>Bartholomew v. Delhaye</u>, No. CV-95-20-B, slip op. (D.N.H. Nov. 8, 1995). More specifically, N.H. Rev. Stat. Ann. § 281-A:8 has consistently been held to bar causes of action for intentional infliction of emotional distress brought by employees against employers. <u>Censullo</u>, 989 F.2d at 43; <u>Miller</u>, <u>supra</u>; <u>Bartholomew</u>, <u>supra</u>; <u>Frechette</u>; <u>supra</u>; <u>Singleterry v. Nashua Cartridge Prod. Inc.</u>, No. CV-94-345-SD, slip op. (D.N.H. Feb. 9, 1995); <u>Kopf v. Chloride Power Electronics, Inc.</u>, 882 F. Supp. 1183, 1191 (D.N.H. 1995). Therefore, New Hampshire's workers' compensation law bars Sweet's claim against Hadco for intentional infliction of emotional distress. Accordingly, Count IV of Sweet's complaint is dismissed as to Hadco.

**B.    Count V - Negligent Infliction of Emotional Distress**

In her objection to Hadco's motion to dismiss, Sweet concedes that, for the reasons discussed above in relation to Count IV, her common-law claim against Hadco for negligent

infliction of emotional distress is barred by New Hampshire's workers' compensation law. N.H. Rev. Stat. Ann. § 281-A:8. Accordingly, Count V of Sweet's complaint is also dismissed as to Hadco.

### C.    Count VI - Enhanced Compensatory Damages

In Count VI of her complaint, Sweet claims she is entitled to enhanced compensatory damages for injuries she suffered as a result of the actions complained of in Counts IV and V. Under New Hampshire law, a claim for enhanced compensatory damages is not a cause of action; it is request for a particular remedy. A plaintiff can recover enhanced compensatory damages when the defendant's actions constitute a state law tort and are "wanton, malicious, or oppressive." Munson v. Raudonis, 118 N.H. 474, 479, 387 A.2d 1174, 1177 (1978) (quoting Vratsenes v. N.H. Auto, Inc., 112 N.H. 71, 73, 289 A.2d 66, 68 (1972)).

Here, New Hampshire's workers' compensation law bars both of Sweet's state law causes of action. Because she can bring no underlying state law tort claim, Sweet may not seek enhanced compensatory damages under New Hampshire law. Accordingly, Count VI of Sweet's complaint is also dismissed as to Hadco.

5

## IV.  CONCLUSION

Because New Hampshire's workers' compensation law, N.H. Rev. Stat. Ann. § 281-A:8, bars Sweet's state law causes of action against her employer, Hadco, for intentional infliction of emotional distress and negligent infliction of emotional distress arising out of the employment relationship, Counts IV and V of Sweet's complaint are dismissed as to Hadco.  Because Sweet's state law causes of action fail, she may not seek enhanced compensatory damages under New Hampshire law.  Therefore, Count VI of Sweet's complaint is also dismissed as to Hadco. Accordingly, Hadco's motion to dismiss Counts IV, V, and VI (document no. 8) is granted.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

January 18, 1996

cc:  James W. Craig, Esq.
     William H. Barry, III, Esq.
     Patricia Randall, Esq.