## TILTON *v.* EMERY.

One who has conveyed land may disseize his grantee, and will, in such case, by twenty years adverse possession, bar the entry of his grantee and his heirs.

The declarations of an ancestor, not in possession, that he had no claim to the land, are evidence that he was at the time not seized, and may be used in evidence against the heir.

The possession of a tenant is the possession of him who is recognized as the landlord, whether the tenancy is created by an arrangement with such landlord personally, or through an agent.

TRESPASS, for breaking the plaintiff's close, in Exeter, on the 21st day of May, 1844.

The defendant pleaded the general issue, accompanied by a brief statement, setting forth that the close described was the property of Ichabod Nichols, as tenant by the curtesy ; Charles S. Davis, and Elizabeth, his wife, in her right; Nicholas Emery, and Ann T., his wife, in her right; and of George H. Nichols, and John T. G. Nichols, as tenants in common, and that the defendant, as their servant, entered, &c.

On the trial, the plaintiff produced in evidence a deed of the premises from John Parker to him, dated on the 23d day of May, 1809, which was duly executed, acknowledged and recorded.

The defendant, in proof of the title of those under whom he entered, offered a deed from John Tilton, the plaintiff, to John T. Gilman, deceased, dated on the 11th day of January, 1810, which was also duly executed, acknowledged and recorded.

Also, a copy of the will of said John T. Gilman, proved on the 10th day of September, 1828, containing the following residuary clause : " To my three daughters, Ann T. Emory, Dorothea T. Nichols, and Elizabeth T. Davis, I give all the rest and residue of my estate, real, per-

sonal and mixed, to be equally divided between them and their respective heirs and assigns, forever."

It appeared that one of the devisees, Dorothea T. Nichols, died, after the death of the testator, leaving two children, the above named John T. G. Nichols, and George H. Nichols.

The plaintiff, to prove an adverse possession of the premises, after his conveyance to John T. Gilman, showed that from that time till about the year 1825, or 1826, he was occupying them and living upon them with his family, and exercising acts of ownership; that he then removed to Sandwich, where he remained till 1835, or 1836, leaving the premises in the care of his son, Samuel Tilton, who, pursuant to his instructions, rented the same, and accounted for the rent to the plaintiff; that on his return from Sandwich he again occupied the premises, removed the house, and cultivated the ground every year.

He also offered to show, from the declarations of John T. Gilman, in 1826, that he had not then any claim to the premises.

The defendant objected to the plaintiff's claiming by adverse occupation, against those who claimed under his own deed.

He also insisted that the evidence proved that while the plaintiff was in Sanbornton, Samuel Tilton was the party in possession, and that the plaintiff was disseized, and so not in possession during the whole period of twenty years.

The court having overruled the defendant's positions, a verdict was returned for the plaintiff, which the defendant moved to set aside.

*Sullivan* (with whom was *Christie*), for the defendant, cited Chit. Cont. 228; 3 Ves. 613; 5 Mass. 116; 1 Stark. 50; 3 B. & Ald. 134, 367; Cro. Jac. 270; 3 V. & B. 42;

---

Tilton *v.* Emery.

---

6 Greenl. 386 ; 1 Vt. 100, 464 ; 1 Ves. 275 ; 4 N. H. Rep.
229 ; 12 do. 251 ; 2 Mass. 162 ; 12 N. H. Rep. 102 ; 1
Johns. 157 ; 12 do. 367 ; 18 do. 44 ; 3 N. H. Rep. 50 ; 8
do. 59 ; 4 Wheat. 213 ; 10 Mass. 146 ; 4 do. 416 ; 9 Johns.
167 ; Stearns on Real Act. 38 ; *Lund* v. *Parker*, 3 N. H.
Rep. 50 ; 4 Mass. 416 ; 14 Pick. 231 ; 12 N. H. Rep. 102 ;
8 do. 271 ; 9 Wend. 518 ; 8 Cow. 589 ; 2 Caines 183 ; 9
Johns. 174 ; 18 do. ' 40, 355 ; 13 do. 118 ; 5 Cow. 346 ; 6
do. 751 ; 7 do. 223 ; *Jackson* v. *Burton,* 1 Wend. 341 ; 1
Johns. 165 ; 3 do. 124 ; 16 do. 283 ; 3 N. H. Rep. 23, 49 ;
7 do. 468 ; 10 do. 397 ; 7 Johns. 186 ; 1 Hill. Ab. 142 ; 3
A. & E. 188 ; 2 Smith's Lead. Ca. 458, 472 ; Com. Dig.,
Seizin, F, 4.

*Tilton,* and *James Bell,* for the plaintiff.

GILCHRIST, J.    The statute of June 19, 1805, N. H.
Laws 74, provides that no person shall make entry into
any land, or maintain any action for the recovery or ob-
taining possession thereof, unless such person has been
seized or possessed thereof within twenty years next pre-
ceding the making such entry or commencement of such
suit.

Upon the trial of this action the issue was, whether or
not the defendants, or those under whom they claimed,
had been seized or possessed within that period ; and it
was found that they had not, and it was undoubtedly so
found upon good and sufficient evidence, unless the ex-
ceptions raised and presented in the case show the con-
trary.

One of these is, that the plaintiff himself had conveyed
to the defendant's ancestor, and therefore could not have
disseized him.   But this conclusion does not seem to be
a necessary one.   His deed estops him to set up a para-
mount title, without doubt ; but he may as well commit
disseizin upon land that he has conveyed as upon any

other. Had he, within one year from the commencement of the supposed wrongful possession, been sued by the disseizee in an action for the recovery of it, he could not have maintained an issue upon a plea of non-tenure or disclaimer.

The defendants claim under John T. Gilman. Whatever he said, therefore, after the supposed title accrued to him, and before he transmitted it to them, was evidence, provided it would be evidence in case he himself were alive and maintaining this defence instead of themselves.

The question is, were the defendants, or was Gilman seized of the premises at any time within twenty years? If he said that he had no claim, it was evidence that he was not seized; because seizin is some claim, and his admissions are evidence.

We see nothing in the peculiar nature of the conversation proved that should deprive the plaintiff of the benefit of it under the general rule that entitles him to prove the admissions of the opposite party.

As to the other exception the evidence is quite clear that the possession of Samuel Tilton was subordinate to the plaintiff, and was therefore his possession; or, perhaps, if he was the mere agent, the possession of the plaintiff was preserved, more properly speaking, by the tenant whom he placed there, through the mediation and agency of Samuel.

These exceptions cannot prevail, and there must be

*Judgment on the verdict.*