SMITH *v.* PUTNAM *& a.*

</div>

<div align="right">

62  369
68  598

</div>

Proof of twenty years' adverse, continuous, uninterrupted use of a well and way on land of another with the knowledge and acquiescence of the owner of the land, in the absence of any evidence of permission or license, is sufficient to establish the presumption of a grant.

If by reason of an obstruction placed in a public highway an individual sustains peculiar injury in kind and not merely in degree or extent from that which the general public sustains from the same cause, he may recover damages for such special injury in an action against the party causing the obstruction.

Declarations accompanying possessory acts explanatory of the character of the possession are competent evidence upon the question whether the use was under a claim of right.

BILL IN EQUITY, to restrain the defendants from obstructing the plaintiff in drawing water from an ancient well in the highway near the west line of the defendant Angela's land, claimed by the plaintiff as appurtenant to his homestead; also to restrain the defendants from obstructing a driveway from the plaintiff's house to the highway at a point opposite the defendants' land. The defendant Angela answered, claiming that the well is upon her premises and is her exclusive property, and denying that it is appurtenant to the plaintiff's premises. She also denied that the plaintiff had a driveway, or right of way of any kind, between the travelled part of the highway and her land. The other defendants

answered, disclaiming any interest in the subject-matter    the plaintiff's bill.

The second action is case, to recover damages for obstructing the plaintiff in the use of the well and driveway.   The two suits were tried together.

Facts found by the court.   The defendant Angela is the wife of Sumner A. Putnam, and the daughter of John H. Plaisted, the other defendant.   The plaintiff's homestead adjoins her farm on the north.   Their houses are about twelve rods apart, and the division line is fifty to seventy-five feet south of the plaintiff's house.   The westerly boundary of their farms is an ancient highway, three rods wide, laid out in 1781.   If the easterly line of the highway is where the defendants claim, the well is wholly on Mrs. Putnam's land, and the driveway crosses the north-west corner of her land.   The well and driveway previous to 1880 were not inclosed within the limits of Mrs. Putnam's field, but were west of her westerly fence as then located.   In November, 1880, the defendants moved her west fence into the highway about twelve feet, thereby obstructing the plaintiff's driveway, and excluding him from the well.   The well is situated about midway between the two houses.   Mrs. Putnam's house in 1880 was occupied by the defendant Plaisted.   In April or May, 1880, the defendants removed the chain and windlass, took off the curb, covered over the well, and threatened to fill it up.   The plaintiff claimed that he and those under whom he claimed had gained a prescriptive right to the use of the well, and that the driveway was wholly within the limits of the highway, but that if, as claimed by the defendants, the driveway crossed the north-west corner of Mrs. Putnam's land, he and those under whom he claimed had gained a prescriptive right to its use.   To prove prescription, the plaintiff called witnesses residing in the neighborhood of the premises, who testified that the plaintiff and his grantors had used the driveway and well for more than fifty years, for the purposes above stated, under a claim of right.   There was no direct evidence that the defendant Angela, or those under whom she claimed, knew that the plaintiff and his grantors claimed the right to the use of the driveway and well, except so far as knowledge might be inferred from the continuous, uninterrupted, and undisputed exercise of the right claimed for more than fifty years prior to 1880.   The user was with the knowledge of the defendant Angela and of her grantors.   The defendants claimed that the user by the plaintiff and his grantors was permissive merely, and that its character was not such as of itself to give notice of the right claimed.

The court found that Mrs. Putnam's westerly line was where the fence stood until removed in 1880, and that the driveway and well are within the limits of the highway, the well being some two or three feet from the defendants' westerly line.   The court also

found that the user of the well and driveway was under a claim of right with the knowledge of the defendant and of her grantors, and that the plaintiff and his grantors had acquired a prescriptive right to draw water from the well for family use upon the plaintiff's premises. Also, that if, as claimed by the defendants, the driveway crossed her land, yet the plaintiff and his grantors had so used it for the period above mentioned, they had gained a prescriptive right to the use of the same. The court decreed that the defendants be restrained from obstructing the plaintiff from drawing water from said well for use in his family upon his premises ; also that the defendants be restrained from obstructing the plaintiff from using said driveway in passing to and from his said premises to and from the highway. In the second action, the court found the defendants guilty, and assessed damages.

The defendants excepted,—1. To the finding that the plaintiff had a prescriptive right to the well and passway, on the evidence in the case. 2. There being a public highway, as found by the court, the plaintiff cannot have a prescriptive right to a private way over the same. 3. The defendants S. A. Putnam and Plaisted not having any interest in the premises in dispute, there can be no decree against them.

E. H. Smith, eighty-two years of age, testified that he had lived in the neighborhood when the plaintiff's farm was owned by one Chandler and the defendant's farm by one Morrison ; that the Chandler people obtained their water from this well, and that he also had got water from it; [that he asked permission of Chandler, and did not ask permission of any one on the Morrison property.] The defendants excepted to the evidence included within brackets, because it did not appear that the witness asked permission of Chandler in the presence of Morrison. S. B. Chandler's deposition was read. He deposed that he was born upon the Chandler place, and lived there seventeen years, until 1845 ; that the family living on the Chandler place always got their water from this well, called the Chandler well, and had the full, free, and uninterrupted use and enjoyment of the well as long as the witness lived there ; [that so far as he knew, the persons living on the Chandler place always claimed the right to the full, free, and uninterrupted use and enjoyment of said well. Ans. to Int. 13.] The defendants excepted to the evidence included within brackets. Int. 14 and answer are as follows : " Was there or not a driveway from the door-yard and buildings of the Smith place to the highway, passing the corner of the Putnam place and this well, going towards New Hampton institution, and if so, describe it and its use, and the length of time you know it was used, and whether or not that use was free, open, and uninterrupted ? Ans. There was such a driveway. Always an open driveway, a public road. Since I have known anything, always a road open to teams to drive up to the doorway of said Smith place. Always open, free, and uninter-

rupted to the public." The defendants excepted to the interrogatory because it called for the opinion of, the witness. S. E. Marston testified that he bought the Chandler place of John Chandler in 1874, and lived upon the place three years; [that when he bought it Chandler told him the well belonged to the place, also the driveway; and that his grandfather dug the well and owned it.] D. G. York testified that he bought the Chandler place of Marston in 1876, and sold it to the plaintiff; [that when he bought it Marston told him he owned the well.] James H. Plaisted testified that he was acquainted with Nathaniel Chandler; [that one day, as Chandler was going for a pail of water, he asked him (Chandler) why he did not have the well further off, and Chandler replied that his father dug the well for the benefit of his blacksmith shop and dwelling-house; but that if he had dug it, he should have dug it nearer the house.] The defendants excepted to the evidence included within brackets.

*Pike & Parsons*, for the plaintiff.

*J. L. Wilson* and *T. J. Whipple*, for the defendants.

CLARK, J. The evidence that the plaintiff and those under whom he claimed had used the driveway and well for more than fifty years with the knowledge of the defendant and her grantors, openly, continuously, uninterruptedly, and unquestioned, was sufficient, in the absence of any evidence tending to show that the use was permissive, to warrant the finding of the court that the plaintiff had acquired the right. Proof of twenty years' adverse, continuous, uninterrupted use, with the knowledge and acquiescence of the owner of the land, in the absence of any evidence of permission or license, is sufficient to establish the presumption of a grant. And there need not be a claim of right in words, or a declaration that the use is adverse, or an admission on the part of the landowner that he has knowledge of the adverse use and claim of right. The nature of the use and the knowledge of the land-owner may be inferred from the manner, character, and frequency of the exercise of the right and the situation of the parties; and where an actual, uninterrupted use and enjoyment, as of right, with knowledge of the other party, is shown to have existed a sufficient length of time to create the presumption of a grant, the presumption stands as sufficient proof and establishes the grant, unless it is rebutted by proof that the use and enjoyment were permissive. *Gilford* v. *Lake Co.*, 52 N. H. 262, 267; *Wallace* v. *Fletcher*, 30 N. H. 434; *Watkins* v. *Peck*, 13 N. H. 360, 371; *Blake* v. *Everett*, 1 Allen 248; *Barnes* v. *Haynes*, 13 Gray 188. It is unnecessary to consider the objection that the plaintiff cannot have a prescriptive right of way over the public highway, because, if the obstructions were in the highway, it is unnecessary for the plaintiff to

show a private right of way in order to maintain his actions. If the fence which obstructed the plaintiff's driveway and excluded him from the well was built by the defendants in the public highway. it was such an obstruction as constituted a nuisance, and inasmuch as the injury caused by it to the plaintiff was special and peculiar to him, and not such as was common to all persons using the highway, the plaintiff can maintain a private action for damages and for the abatement of the nuisance. *Brown* v. *Watson*, 47 Me. 161; *Brayton* v. *Fall River*, 113 Mass. 218.

The testimony of E. H. Smith, " that he asked permission of Chandler to take water from the well and did not ask permission of any one on the Morrison property;" of S. E. Marston, " that Chandler told him the well and driveway belonged to the place, and that his grandfather dug the well and owned it;" of D. G. York, " that Marston told him in 1876, when he bought the place of him, that he owned the well;" and of James H. Plaisted, " that Nathaniel Chandler told him, when getting water from the well, that his grandfather dug the well for the benefit of his blacksmith-shop and dwelling-house,"—was competent as tending to show the character of the use of the well by the plaintiff's grantors, and that it was such as to give notice that it was under a claim of right. *Bell* v. *Woodward*, 46 N. H. 315, 335. The testimony of S. B. Chandler, who had lived on the plaintiff's premises seventeen years prior to 1845, " that so far as he knew, the persons living on the Chandler place always claimed the right to the full, free, and uninterrupted use and enjoyment of the well," and that " there was always an open driveway, free and uninterrupted to the public," was not matter of opinion but a statement of material facts, and therefore it was competent. *Leach* v. *Bancroft*, 61 N. H. 411.

The objection to the maintenance of the bill in equity is obviated by the finding of the court in the action at law. The plaintiff's right being established in the action at law against all the defendants. a proper case is presented for the interference of a court of equity by injunction, for the protection of the plaintiff in the enjoyment of his rights.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.