Coös,
March 3, 1931.

## ADELAIDE JEAN *v.* RICHARD ARSENAULT.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Coulombe* orally), for the plaintiff.

*Matthew J. Ryan* and *Crawford D. Hening* (*Mr. Hening* orally), for the defendant.

PEASLEE, C. J.  The plaintiff's claim of right is based upon an asserted adverse user of a way across the defendant's lot to the plaintiff's premises, which are situated at the rear and off the street.  There is a house on the plaintiff's land, and the testimony as to the use of the way thereto covered a period of about thirty years before there was any objection by the defendant.

The defendant's motion that a verdict be directed in his favor is based upon the claim that the evidence was insufficient to permit a finding (1) of a claim of right (2) of notice to the owner of the servient

estate (3) of location of the user as over the defendant's premises and (4) of continuity of use.

1. The claim of right need not be one expressed in words. It may be inferred from the mere act of user.

"Proof of twenty years' adverse, continuous, uninterrupted use, with the knowledge and acquiescence of the owner of the land, in the absence of any evidence of permission or license, is sufficient to establish the presumption of a grant. And there need not be a claim of right in words, or a declaration that the use is adverse, or an admission on the part of the land-owner that he has knowledge of the adverse use and claim of right. The nature of the use and the knowledge of the land-owner may be inferred from the manner, character, and frequency of the exercise of the right and the situation of the parties." *Smith* v. *Putnam*, 62 N. H. 369, 372.

In the present case there was evidence of the use of the way as though of right extending back some thirty years. One King testified that he delivered groceries over it to the occupants of the plaintiff's house or the adjacent house "every day," commencing thirty-five years ago and ending fourteen years ago. Other witnesses testified to similar use for other purposes incidental to the occupancy of the plaintiff's premises. While few of them appeared to have knowledge extending as far back as King's, some of them gave evidence as to a time nearly as remote and more than twenty years before the right was denied by the defendant.

The acts so testified to were of such a character as to warrant a finding that they were done as of right. The occupants of the premises and those having business with them went there continuously whenever there was any occasion to do so.

2. What has already been said also disposes of the defendant's second claim. "The owner may well be charged with knowledge of what is openly done on his land, and of a character to attract his attention." *Bailey* v. *Carleton*, 12 N. H. 9, 16. The acts were "of a nature to give notice" of a claim of right. *Ib.*, 18.

The argument that entry upon and passage over the way by third parties cannot aid the plaintiff in the establishment of his right is clearly unsound. Denominating such parties "the public" is an erroneous appellation. They were not the public, claiming to exercise public rights of passage, but certain individuals whose viatic right was based upon their relation to the occupants of the house. And a reasonable man, placed in the defendant's position, might be found to be chargeable with knowledge that they came there because

of the houseowner's claim of right. Certainly he would not understand that they thought the driveway beside his house, terminating at the rear of his premises, was a public street.

3. There may be some conflict in the evidence as to the location of the way used by the witnesses, or as to which they testified. It is true that several of them testified rather indefinitely to going in over the driveway between the old hospital building and the defendant's house. On that evidence alone, it would be uncertain whether the travel was over the defendant's land or that of an adjoining owner. But it could also be found from the testimony of other witnesses that there was a well defined driveway over the defendant's land, and none on the abutters', that the situation was such that there could not be one there. Considering all this evidence together, it could be found that all the evidence as to user referred to travel over the defendant's premises.

4. Continuity of use, to establish a prescriptive title, is a relative term. It is never used in an absolute sense. To make a use continuous under this rule two things must be shown. The use must be made whenever the claimant of right has occasion, and the occasions must be of sufficient frequency to notify the owner of the servient estate that a right is being continuously claimed against him. The defect in proof here claimed relates to the second proposition.

It is said that upon the evidence the Jean house may have been vacant for some years, that during that time the way was not used, and therefore there is a break in the evidence of continuity which is fatal to the claim that the defendant should have understood that a continuing claim of right was being made. The legal problem involved is whether the use has been "so frequent and kept up for such length of time, that the . . . [owner of the servient estate] ought reasonably to have understood from his observation the extent of" the claim. *Griffin* v. *Bartlett*, 55 N. H. 119, 124. "One test question is, Has the land-owner had reasonable cause, from the actual use made of his land, to believe, during the entire period of twenty years, that the right was being claimed against him? If the use has not been such as to afford reasonable indication of the claim, the land-owner's right to object is not barred." *Gilford* v. *Company*, 52 N. H. 262, 267.

Conceding for the moment that there was no evidence that the Jean house was occupied from 1905 to 1912, it by no means follows as matter of law that abandonment of the claim to a right of passage was thereby shown. The right was not used because there was no occasion to use it. But the house was still there, and anyone seeing the

situation might well understand that temporary non-user was caused by the vacancy of the house and not because the claim of right had been abandoned.

"A right of way means a right to pass over another's land more or less frequently according to the nature of the use to be made of the easement; and how frequently is immaterial, provided it occurred as often as the claimant had occasion or chose to pass. It must appear not to have been interrupted by the owner of the land across which the right is exercised, nor voluntarily abandoned by the claimant. Mere intermission is not interruption." *Bodfish* v. *Bodfish*, 105 Mass. 317, 319. "It might be found that this use, while intermittent and irregular, was nevertheless continuous, since it was never interrupted by any assertion of paramount right by the proprietors of the defendant's premises." *Salminen* v. *Jacobson*, 83 N. H. 219, 220.

In the somewhat similar case of a claim of title by adverse possession, much longer intervals than this have been held to be insufficient to prevent the accrual of title, as matter of law. *Pease* v. *Whitney*, 78 N. H. 201, and cases cited.

Moreover, there was some evidence of occupancy of the house during that period. It appeared that in 1912 the house was occupied by one Langford as a tenant. A witness who had lived in an adjoining house and moved away in 1918 testified that Finkel "sold and moved out a long time before we did." He thought that event, which occurred in 1905, was some years later, but that error does not affect the important part of his testimony, which was that "after that it was occupied" "by tenants" "Mr. Langford I think." Upon any fair interpretation of the evidence it could be found that there was no substantial period of vacancy.

It is also instructive to note in this connection that in all the very considerable amount of testimony relating to the use of the way as a means of access to the Jean house for over thirty years, there is no suggestion that the premises ever stood vacant. And in the defendant's elaborate statement of grounds for a nonsuit there is no mention of lack of proof that the house was continuously occupied.

The case is one where "an uninterrupted use for twenty years, unexplained, is evidence from which the jury may find a prescriptive right." *Taylor* v. *Gerrish*, 59 N. H. 569, 571. The defendant's motions were properly denied.

*Exceptions overruled.*

All concurred.