Grafton,
July 2, 1951. } No. 3970.

ROBERT L. FLEWELLING *v.* WILLIAM ROBY.

98

*Robert A. Jones,* for the plaintiff.

*Cotton, Tesreau & Stebbins* (*Mr. Stebbins* orally), for the defendant.

KENISON, J. The plaintiff acquired his title in 1946 from one Bates, who acquired his title in 1933 from one Sargent, who in turn acquired title from one Webster in 1897. While this chain of title is complete as it appears from the registry of deeds, it was established at the trial without dispute that the 1933 sale and conveyance from Sargent was actually made to one Rice who occupied the property part of one summer. There was no deed from Rice to Bates but in the 1933 conveyance Rice's name as grantee was stricken out in some places and erased in others and Bates' name was substituted in each such instance. Rice could not convey his interest by the substitution of Bates as grantee (R. L., c. 259, ss. 1, 15) and consequently the plaintiff's record title was defective. This explains why the decree to quiet title in favor of the plaintiff was not predicated on the basis of his record title. The plaintiff can prevail only if the

evidence justifies his claim of title based on adverse possession.

For more than thirty years prior to 1931, Sargent openly claimed and exercised ownership over the property in question by frequent inspections, removing fish screens from the property, granting trapping permits on the land and during this period no other party made any claim of ownership. In 1930, on his behalf a cottage erected on the land by one Hunt was ordered to be removed. During this period the character of the land was such that it was not easily accessible, was of slight value and was used mainly for flowage purposes, hunting and fishing. Considering the character of the land and its adaptability, the acts of occupation by and on behalf of Sargent were sufficient to establish title by adverse possession during that period. *Pease* v. *Whitney*, 78 N. H. 201. After Sargent's death no claim was made to the property and his estate continued to claim ownership until the property was sold to Rice and occupied by him for one summer and thereafter occupied by Bates until sold to the plaintiff. The defendant made no claim to the property until 1948 and there is evidence that he was advised the property was owned by the plaintiff at the time he received his deed. The plaintiff is entitled to tack the ownership and possession made by Rice and Bates in order to sustain his title by adverse possession. *Alukonis* v. *Kashulines*, 96 N. H. 107. The invalidity of the plaintiff's deed is not conclusive on the issue of his acquiring title by adverse possession. *Barker* v. *Company*, 78 N. H. 160. The fact that the Bates deed was defective did not prevent its recordation from acting as constructive notice that he was in possession of the premises and claiming adversely. *Forest* v. *Jackson*, 56 N. H. 357, 362. The plaintiff could maintain a bill in equity to establish title by adverse possession even though his record title was incomplete. *Alukonis* v. *Kashulines, supra;* Flick, Abstract and Title Practice (1951) *s.* 660.

*Exceptions overruled.*

All concurred.