Request of House of Representatives,
No. 4597.

OPINION OF THE JUSTICES.

Submitted June 15, 1957.

Answer returned June 20, 1957.

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following answers to the questions contained in your resolution filed June 5, 1957.

The first question relates to the method of computing time under Part II, Article 19th, of the Constitution amended in 1948, the pertinent part of which provides as follows:

"[Art.] 19th [Power of Adjournment Limited.] The house of representatives shall have power to adjourn themselves, but no longer than five days at a time." At the outset it may be noted that Sundays and holidays are to be included in computing the five-day period. The resolution in the 1948 Constitutional Convention which proposed to change the period from two to five days specially provided that it was to be "exclusive of Sundays and holidays" but as finally adopted by the convention and the people, the quoted phrase was deleted. Journal of Constitutional Convention, 1948, *pp.* 28, 29, 141, 142, 272; N. H. Manual for the General Court, 1949, *pp.* 90, 620, 622. This is a plain indication that Sundays and holidays were to be counted as any other calendar day in determining the five-day adjournment period. Furthermore, Part Second, *Art.* 44th, specifically excepts Sundays in allowing the Governor five days to exercise his veto which indicates that every calendar day is to be counted unless specific provision is made to the contrary.

The statutory provision for reckoning time (RSA 21:35) originally enacted in 1842 (R. S., *c.* 1, *s.* 25) is not controlling. "The

constitution was *before* this statute, and was and is *above* it, and paramount to it in authority, and cannot certainly be changed in its letter or form by the provisions of any statute." *Soldiers' Voting Bill,* 45 N. H. 607, 613. The history of Article 19th and the practice and custom under it provide adequate guidance for a proper construction of the Article. It has been the general practice to compute the period of adjournment of two days before 1948 and five days after the amendment by excluding the day of adjournment and the day of the next session so that period of adjournment was respectively two or five clear calendar days at a time. *See Soldiers' Voting Bill, supra,* 608. Thus formerly when the period of adjournment was limited to "two days at a time," it was customary to hold a skeleton session on Saturday and adjourn to Tuesday which made the adjournment period consist of two clear calendar days. Accordingly, it is our opinion that the phrase "five days at a time" as used in *Art.* 19th means five clear calendar days which is consistent with popular understanding and practice under this Article.

As we understand the second inquiry it is whether both the Senate and the House of Representatives constituting the General Court "as a whole" have the power to adjourn for a period of more than five days at a time. The answer is no. The limitation on the Senate is similar to the five-day limitation in the period of adjournment for the House. Part Second, *Art.* 36th, provides in part: "[Art.] 36th [Adjournments Limited Except in Impeachment Cases.] The senate shall have power to adjourn themselves, provided such adjournment do not exceed five days at a time." *Arts.* 19th and 36th provide that neither the Senate nor the House of Representatives may adjourn for more than five days at a time, and nowhere is there any provision that acting together as the General Court, they have greater power except as provided in *Arts.* 43rd and 50th. These provisions were summarized and construed in 1911 in *Opinion of the Justices,* 76 N. H. 601, 608: "Under the constitution neither house can adjourn itself for more than [five] days at a time; that the power of adjourning the legislature is vested in the governor, who, with the advice of the council, upon request of both houses may adjourn the general court to such time as they agree upon, or, in case of disagreement between the two houses, may adjourn it for such time as he may determine the public good may require, not exceeding in the latter case ninety days at any one time."

While Part II, *Art.* 3rd, provides that the Senate and House shall assemble biennially in January "and at such other times as they may judge necessary," this is likewise limited by the powers of the Governor and Council under *Art.* 50th. *Opinion of the Justices,* 93 N. H. 474; RSA 16:1, 6. In view of the construction of the constitutional provisions relating to adjournment in *Opinion of the Justices,* 76 N. H. 601, *supra,* the General Court acting by itself cannot adjourn for more than five days at a time.

FRANK R. KENISON,
LAURENCE I. DUNCAN,
AMOS N. BLANDIN, JR.,
EDWARD J. LAMPRON,
STEPHEN M. WHEELER.

June 20, 1957.

*Norman A. McMeekin,* Representative of Haverhill, furnished a memorandum.