Carroll
No. 6569

ESTHER L. PAGE *& a.* v. OLGA DOWNS

October 31, 1973

*Wescott, Millham & Dyer (Mr. Harold E. Wescott* orally) for the plaintiffs.

*James J. Kalled,* by brief and orally, for the defendant.

GRIMES, J. This boundary line dispute presents the issue of whether the evidence affords any basis for upholding the trial court's general verdict in favor of plaintiffs' line assertion.

The plaintiffs, Esther and Milton Page, filed a bill in equity to quiet title by establishing the boundary line between plaintiffs' and defendant's property in Tuftonboro. Plaintiffs initially brought suit claiming title by deed, but later added a pleading claiming the establishment of the same line by adverse possession. Defendant, Olga Downs, counterclaimed to quiet title by construction of her deed and in the alternative counterclaimed for damages for breach of plaintiffs' ancestors' warranty deed and "for such other relief as may be just". Trial with a view before the Superior Court *(Batchelder,* J.) resulted in a general verdict for plaintiffs. Defendant seasonably excepted both to the granting of plaintiffs' requested findings of fact and to the denial of certain of defendant's requested findings of fact and rulings of law. All questions raised by these exceptions were reserved and transferred.

The disputed boundary runs perpendicular to Route 109 with the plaintiffs' land lying to the north and defendant's land lying to the south. The southerly end of defendant's frontage on the road is not in dispute. The question is, however, whether that frontage is 18 rods or 20 rods.

By deed dated 1857, Nathaniel Hoyt, a common owner, conveyed to Jonathan Morrison, a predecessor in title of the defendant, a parcel 18 rods on the highway and "about twenty-six rods deep" containing three acres. By deed dated 1884, John D. Morrison, then the common owner of both parcels, conveyed three acres to Orlando Richardson described as beginning at the undisputed corner and running northerly by the road "about twenty (20) rods" and running easterly "about twenty-four (24) rods". This description contains the following words: "containing three acres, being the same three acres bought of Nathaniel Hoyt by Jonathan Morrison". Each subsequent description in the defendant's chain

(five in number) is identical to that of the 1884 deed except that the word "same" is eliminated in the reference clause. One of these conveyances was from Elizabeth Lord in 1927 who at that time was the common owner of both parcels. The defendant claims that the 20-rod frontage governs while the plaintiffs contend that the reference to the 1857 deed makes the 18 rods therein control. Defendant counters by contending that the 1884 and subsequent deeds are unambiguous and therefore the reference to the 1857 deed cannot be considered under the rule stated in *Finlay v. Stevens,* 93 N.H. 124, 129-30, 36 A.2d 767, 771 (1944).

Under the rule of *Finlay,* when the description is unambiguous, the reference to a prior deed may not be used as evidence that the grantor intended to convey less than is included in the description nor may the reference to a prior deed be used to create an ambiguity. The reference is used only to identify.

The description in the deeds in defendant's chain of title beginning with the deed from Morrison to Richardson in 1884 is clear and unambiguous when read without consideration of the reference clause. The point of beginning is not in dispute and the first bound runs along the highway "about 20 rods". This is two rods or 33 feet more than is called for in the 1857 deed from Nathaniel Hoyt. The word "about" is merely a word of caution and creates no ambiguity. 23 Am. Jur. 2d *Deeds* § 247 (1965). Morrison owned the extra two rods at the time of conveyance and therefore could legally convey it. The description has not varied since that time. Both parcels came back again into a common owner, *i.e.,* Elizabeth Lord, who in conveying to Newman, defendant's predecessor in title, in 1927 used the same description which conveyed a frontage of "about 20 rods". The plaintiffs who also claim under Elizabeth Lord did not acquire their title until 1938.

We hold that the deeds in the defendant's chain of title conveyed 20 rods on the road and that, under the rule of *Finlay v. Stevens,* the reference clause may not be used to reduce it to 18 rods. Hence the deeds under which the plaintiffs claim could not include any part of the 20 rods previously conveyed. There remains the question whether plaintiffs have

acquired title to the two-rod disputed strip by adverse possession of which there was evidence. The matter is therefore remanded to the trial court for a resolution of this issue.

*Exceptions sustained in part; remanded.*

All concurred.