Carroll
No. 7130

ESTHER L. PAGE & a. v. OLGA DOWNS

June 30, 1975

*Wescott, Millham & Dyer ( Mr. Peter V. Millham* orally) for the plaintiffs.

*James J. Kalled,* by brief and orally, for the defendant.

PER CURIAM.   This is a second transfer in the same case which is reported in 113 N.H. 568, 311 A.2d 130 (1973). The issue now here is whether the evidence supports the finding of the trial court that plaintiffs have acquired title to the disputed two-rod strip by adverse possession. We hold that it does.

In the previous transfer, we held that the record title to the two-rod strip was in the defendant but remanded the case for a determination of the plaintiffs' claim based on adverse possession.

Although we then stated that there was evidence of adverse possession, we did not then consider the sufficiency of that evidence to support a finding that plaintiffs had acquired title. The issue is not therefore foreclosed here. The Trial Court, *Batchelder*, J., found for the plaintiffs on the same evidence and reserved and transferred the defendant's exceptions.

The burden was on the plaintiffs to prove by a balance of probabilities twenty years' adverse, continuous, uninterrupted use of the land they claim in such a manner as to give notice to the record owner that an adverse claim was being made to it. *Ucietowski v. Novak*, 102 N.H. 140, 152 A.2d 614 (1959).

The kind and frequency of acts sufficient to support a finding of adverse possession depends somewhat on the condition of the property and the uses to which it is adapted in reference to the circumstances of the possessor. *Flewelling v. Roby*, 97 N.H. 97, 82 A.2d 83 (1951); *Pease v. Whitney*, 78 N.H. 201, 98 A. 62 (1916). The two-rod strip in question is bordered on the south by a line of trees and, during part of the time of adverse possession, by a wire fence. These marked the northerly boundary of what is now the defendant's property before the description change which conveyed the additional two rods. *See Page v. Downs supra*. On the north, the strip abuts what was a field adjoining the house of plaintiffs which is some distance away. No distinguishing features separate the plaintiffs' field from the two-rod strip.

There was evidence that beginning after the conveyance from the then common owner Elizabeth Lord to defendant's predecessor in 1927, Milton Lord, Elizabeth's husband, when mowing the field also mowed the two-rod strip and that the strip was thereafter mowed either by Milton or others who either were paid to mow it or did it for the hay during most of the period under contention. There was evidence that the adverse use of the two-rod strip during the more than twenty-year period before defendant acquired title in 1950 was with the knowledge and acquiescence of defendant's predecessor in title. *Jean v. Arsenault*, 85 N.H. 72, 153 A. 819 (1931); *Smith v. Putnam*, 62 N.H. 369 (1882).

There was also evidence that off and on Milton Lord had a garden which ran over onto the two-rod strip and that there is still evidence of plow furrows running across the disputed strip. There was evidence to support the trial court's finding that defendant obtained permission to install a septic tank on the disputed strip and there is also evidence that, on demand of the plaintiffs, rocks which had been left on the strip as a result of the septic tank installation were

removed. It appears that, considering the nature of the disputed land, its location, and the uses to which it was adapted, the acts of the plaintiffs' predecessors in title were sufficient to give notice of their claim and to support the trial court's finding that title had been acquired by adverse possession. *Flewelling v. Roby supra; Pease v. Whitney supra; Barker v. Company,* 78 N.H. 160, 97 A. 749 (1916). The fact that part of the adverse possession was by the grantors of the defendant's predecessor does not prevent the acquisition of title where, as here the evidence was sufficient to support a finding that the possession was not subordinate to the grantee. *Tilton v. Emery,* 17 N.H. 536 (1845); Annot., 39 A.L.R.2d 353 (1955). *See also* Annot., 27 A.L.R.2d 332 (1953).

The defendant's claim that part of the adverse possession was by plaintiffs' predecessors in title does not prevent acquisition of title by adverse possession since it is well settled that adverse possession may be acquired by "tacking" that of several owners. *Fagan v. Grady,* 101 N.H. 536 (1845); Annot., 39 A.L.R.2d 353 (1955). *See also* Annot., 27 A.L.R.2d 332 (1953).

There is no basis for defendant's claim for damages based on the fact that plaintiffs are heirs of the grantor Elizabeth Lord and therefore are liable on the warranties in her deed. Even assuming that plaintiffs would be liable on those warranties, there is no evidence to support a finding of any breach since good title was conveyed and its loss occurred after the conveyance.

*Exceptions overruled.*

DUNCAN, J., did not sit; the others concurred.