Hillsborough
No. 7477

WESLEY L. RUSSELL & a.

v.

RACHEL E. HIXON & a.

January 31, 1977

*Craig, Wenners, Craig & McDowell,* of Manchester (*Joseph F. McDowell III,* orally) for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley,* of Laconia, and *David S. Osman,* of Plymouth (*Mr. Osman* orally) for the defendant Rachel E. Hixon.

*Normandin, Cheney & O'Neil,* of Laconia, and *David O. Huot* (*Mr. Huot* orally) for the defendant Laconia Savings Bank.

LAMPRON, J.   These actions arise out of the sale of certain real estate in Laconia, New Hampshire, on April 3, 1972. Prior to trial, the defendants seasonably objected to the denial of certain written and oral motions to dismiss for failure to state a claim for which relief can be granted. The Trial Court (*Flynn,* J.) further framed a question for transfer on the application of comparative negligence in the action against the defendant Laconia Savings Bank. All questions of law raised by the foregoing were reserved and transferred.

On February 10, 1972, the plaintiffs and the defendant Rachel E. Hixon entered into a purchase and sale agreement concerning a tract of land in Laconia, New Hampshire, which borders on Lake Paugus and is intersected by Weirs Boulevard. The plaintiffs al-

lege that during the course of the negotiations preceding this agreement, which were conducted for the absent seller by real estate agent Wayne Blanchard, they made known both orally and by letter that their intention in buying the property was to construct a commercial boating establishment on the lakeshore portion. The plaintiffs allege that Mr. Blanchard assured them that they would receive a "warranty deed without any exceptions," *i.e.,* a deed in fee simple with covenant by the grantor that the granted premises are free from encumbrances except as stated in the deed. RSA 477:27. In view of the discussions which had preceded this representation, the Russells understandably interpreted it to mean that no encumbrances would be stated in the deed. In her deposition, Mrs. Russell further states that Mr. Blanchard informed her and her husband that "he didn't feel there'd be any problem" in establishing the proposed business on the premises. After taking possession of the property, however, the plaintiffs learned that due to the existence of an easement held by the city of Laconia over the entire westerly portion of the premises between the highway and Lake Paugus, they would not be allowed to construct all the improvements they intended to make.

■ In the purchase and sale agreement signed by the parties, the seller undertook to furnish "a duly executed, good and sufficient warranty deed of the property, free and clear of all encumbrances not *specifically excepted in this agreement.*" (Emphasis added.) No specific mention of any encumbrance was contained in the contract. The defendants contend that "constructive notice" of the easement was given to the plaintiffs in the property description, which stated "All of the land and buildings owned by the Seller situate on both sides of Weirs Boulevard (U.S. Rte. 3) more fully described in deed recorded in the Belknap County Registry of Deeds, Book #400, Page #439." Reference to the specified book and page would have indicated that the property is "now occupied by the City of Laconia as a public highway," but this ambiguous reference by no means satisfies the contractual requirement that all encumbrances be "specifically excepted" in the agreement itself. In any event, we have held in a related context that references to prior deeds may be used only to identify, not to create ambiguities. *Page v. Downs,* 113 N.H. 568, 311 A.2d 130 (1973).

The closing was held on April 3, 1972, at the place of business of the mortgagee Laconia Savings Bank. The plaintiffs erroneously

assumed that the attorney who conducted the title search would be representing their interests, and therefore retained no counsel. The plaintiffs' misapprehension, one commonly suffered by buyer-mortgagors in their position, was lent considerable force by the fact that it was the plaintiffs themselves who paid the fee for searching the title even though, as was later revealed, only the bank's interests were considered therein. Present at the closing were the real estate agent Blanchard, a Mr. Tibbetts representing the bank, the plaintiffs, and, in the initial stages, Willard Martin, attorney for the seller.

When the already executed warranty deed, containing no mention of encumbrances, was presented to the plaintiffs for their acceptance, they observed that the property description did not include the lakefront property lying to the west of Weirs Boulevard, for which they had contracted. Upon plaintiffs' complaint, Mr. Blanchard took the deed to Attorney Martin, who inserted the following paragraph in the margin: "Together with all right and title of the grantor of land lying westerly of said above described premises and between it and Lake Paugus, so-called, meaning a parcel of land formerly connected with and belonging to the aforesaid described premises and now occupied by the City of Laconia as a public highway." This revision was neither executed, witnessed nor acknowledged. The revised deed was then presented to the plaintiffs accompanied, as they allege, by Mr. Blanchard's assurances that they would be receiving "marketable" title to the property on both sides of Weirs Boulevard. In reliance upon these representations, the plaintiffs alleged they accepted the revised deed and tendered the purchase price.

Upon discovery of the city of Laconia's easement, the plaintiffs retained a lawyer and offered to rescind the conveyance. This offer was not accepted. The plaintiffs then instituted the instant litigation against the seller based on two counts, one in contract and one in tort. The defendant Hixon has moved to dismiss them both.

■■■ The plaintiffs' first count is founded on the defendant's alleged failure to perform her obligation under the purchase and sale agreement to furnish marketable title to the premises free and clear of all encumbrances. The defendant argues that under the doctrine of merger all prior negotiations must be taken to have been merged in the deed, and that the only remedy now remaining to the plaintiffs is a suit for breach of covenant. *Wells v. Company,*

47 N.H. 235, 253 (1866). It is well settled, however, that the doctrine of merger does not apply when acceptance of the deed has been induced, as the plaintiffs here allege, by the fraudulent or false representation of the vendor's agent. *Zander v. Blumenthal,* 1 Ohio App. 2d 244, 198 N.E.2d 93 (1964); *Everett v. Gilliland,* 47 N.M. 269, 141 P.2d 326 (1943); *Scull v. Davis,* 434 S.W.2d 391 (Tex. Civ. App. 1968); 8A G. Thompson, Real Property § 4458, at 332 (1963); 4 H. Tiffany, The Law of Real Property §§ 981.05, 986 (3d ed. 1975); 77 Am. Jur. 2d *Vendor and Purchaser* § 296 (1975). The plaintiffs claim that they accepted the deed on the strength of Mr. Blanchard's representation that they were receiving the "marketable" title for which they had contracted. The defendant argues that they in fact received a marketable title, as that term is defined in RSA 477:27, because the encumbrance of which the plaintiffs now complain was at the last minute inserted into the deed. This reasoning cannot be allowed to obscure the fact that the Russells understood the agent's promise of marketable title to mean, as he knew or should have known that they would, that the deed conveyed the same wholly unencumbered title that had been promised them throughout the negotiations and had been contracted for in the purchase and sale agreement. Assuming the truth of the plaintiffs' allegations, the doctrine of merger does not bar an action on the contract in this case and plaintiffs can proceed therewith. *See Mullins v. O'Brien,* 93 N.H. 118, 36 A.2d 625 (1944); *Maxwell Ice Co. v. Company,* 80 N.H. 236, 116 A. 34 (1921); *Weston v. Brown,* 82 N.H. 157, 131 A. 141 (1925). *See also* Restatement of Restitution §§ 8, 9, 28, 55 (1936).

██ The defendant similarly moved to dismiss plaintiffs' second count, based on fraud and deception. Paradoxically, despite the fact that the contract action survives the defendant's motion to dismiss because fraud has been alleged, plaintiffs' second count sounding in fraud does not state a cause of action for which relief can be granted. The deception of which the plaintiffs complain is that the defendant promised, but failed to deliver, "a deed containing warranty covenants with respect to all land conveyed." As discussed above, the plaintiffs did receive a deed containing warranty covenants, since all encumbrances on the property were stated in the instrument which they accepted. Inasmuch as no fraudulent representation is alleged in this count, the defendant's motion to dismiss this portion of the complaint must be granted.

■■ Finally, the defendant Laconia Savings Bank raises the question of whether RSA 507:7-a (Supp. 1975), our comparative negligence statute, applies to an action for the negligent examination of title to real estate, or whether the rule of contributory negligence continues in force in cases where bodily injury or physical damage to property do not result from the tort. We agree with the trial court that RSA 507:7-a (Supp. 1975) does apply to the case at bar. Contributory negligence has been repealed as a defense in this jurisdiction (Laws 1969, 225:2), and nothing in the language of RSA 507:7-a (Supp. 1975) suggests the limitation for which the defendant contends. C. Heft and C. J. Heft, Comparative Negligence Manual § 1.100 (1971).

*Remanded.*

BOIS and DOUGLAS, JJ., did not sit; the others concurred.