Rockingham
No. 79-147

## MARTHA JANE LANG & a.

v.

## JOSEPH A. L. ISABELLE

October 24, 1979

*Gall, Shapiro & Groff,* of Nashua (*William J. Groff,* by brief), for the plaintiffs.

*Romprey, Beaumont & Mason,* of Salem (*William R. Mason,* by brief), for the defendants.

PER CURIAM. The issue in this equity case is whether the evidence supports the court's finding that plaintiffs had acquired a right of way by prescription over land of the defendant. We hold that it does.

Plaintiffs are owners of a farm in Salem which they acquired from one Law in 1972. Mr. Law had owned the property since 1937. Defendant is the owner of property which was once owned by Law's grantor. It lies south of the plaintiffs' property and is separated from it by a stone wall with a gate which gives access to a right of way across defendant's property to Pond Street which is defendant's southerly boundary. This way is called Old South Pond Road and is not in dispute. A second dirt roadway follows a different course and splits into two paths to Pond Street. These ways are in dispute.

In June 1976 plaintiffs obtained a temporary injunction restraining defendant from blocking any of the roadways after defendant had blocked the disputed ways with gravel mounds and boulders.

The matter was heard by the Court (*Cann,* J.), which found that Mr. Law and his family used all of the ways over defendant's property with motor vehicles, horses and wagons on a daily basis from 1937 until 1972. The court further found that Law maintained all of these driveways at his own expense and that the use was open, adverse, continuous, and uninterrupted during the whole period. The court also found that plaintiffs and their family and friends also used the ways in the same manner from 1972 until the present action was begun.

The court permanently enjoined defendant from blocking the roadways or otherwise interfering with plaintiffs' use of them. Defendant moved that the decree be set aside because there was evidence that Mr. Law and the plaintiffs believed they owned the land under the ways and, therefore, under one of defendant's requests which was granted, the use as a matter of law could not be adverse.

Even assuming that the granting of the requested ruling of law was correct and that the use could not be adverse if the plaintiffs and their predecessor thought they owned the land (a point we need not decide; *see Hoban v. Bucklin,* 88 N.H. 73, 184 A. 362 (1936)), the

evidence does not compel a factual finding that plaintiffs or their predecessor entertained such a belief. Having granted the request, the court must have found that plaintiffs had no such belief, because it specifically found that the use of Mr. Law and the plaintiffs was in fact adverse.

The fact that plaintiffs thought that they had purchased the farm "with the right of way" does not require a finding that they believed they owned the fee rather than an easement. The testimony of defendant, even if it supported such a finding, could be disbelieved by the court. Moreover, any mistaken belief by plaintiffs themselves would not have affected the finding of the court, because the prescriptive period had run long before they acquired the property.

The defendants also argue that the evidence does not support the court's finding that the use was uninterrupted. Although no claim is made that any physical barriers were ever erected, it is contended that there were verbal protests. However, the court was entitled to find that such protests did not stop the use and that there was therefore no interruption but that the use was continuous. Mere protests, not resulting in a cessation of the use, do not amount to an interruption so as to prevent the prescriptive period from running. (*See* 2 AMERICAN LAW OF PROPERTY § 8.58 (1952); 4 H. TIFFANY, LAW OF REAL PROPERTY § 1206 (3d ed. 1975)). In fact such protests merely enforce the evidence that the use was adverse and not with permission.

In addition, there was evidence that neither defendant nor his predecessor ever protested Mr. Law's use of the ways. The resolution of any conflict in the testimony is of course for the trial court, *Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 366 A.2d 482 (1976), and because we find the evidence supports the findings of the trial court on all contested issues, they must stand. *See, e.g., Walker v. Walker*, 119 N.H. 551, 404 A.2d 1103 (1979); *Tillinghast v. Spencer*, 119 N.H. 116, 398 A.2d 846 (1979).

*Exceptions overruled.*