Belknap
No. 80-145

WALTER C. HEWES *& a.*

v.

JOHN T. BRUNO *& a.*

January 28, 1981

*Falardeau, Mahan & Franks,* of Tilton (*William W. Franks* orally), for the plaintiffs.

*Bonafide & Bradley*, of Tilton (*Philip P. Bonafide* orally), for the defendants.

DOUGLAS, J. The issue in this case is whether a party who claims title to land under a deed may gain title by adverse possession. We hold that he may.

The plaintiffs, the Hewes, and the defendants, the Brunos, own adjacent parcels of land in Tilton. The common boundary line is at issue here. Both parcels of land on which their homes are located came from a common grantor who subdivided his plot in 1910. The property owned by the Brunos has been in their family for three generations; John Bruno has lived there since November 1, 1932. The Hewes purchased their property on August 17, 1978, and brought a petition to quiet title on May 22, 1979.

The Superior Court (*Batchelder*, J.) granted the Brunos' request for a finding of fact that they and their predecessors in title have treated the disputed land as if it were their own for a period exceeding twenty years, the statutory period for acquiring title by adverse possession. RSA 508:2. The court, however, under-standably denied the Brunos' claim of title by adverse possession based on its granting of the Hewes' request for a ruling of law that, under *Hoban v. Bucklin*, 88 N.H. 73, 184 A. 362 (1936), one who claims title by deed cannot claim title by adverse possession. The court then found in favor of the plaintiffs on the location of the boundary.

In *Lang v. Isabelle*, 119 N.H. 780, 781, 407 A.2d 826, 827 (1979), we expressly reserved the question whether one who thinks he owns the disputed land can ever gain title by adverse possession. An earlier decision of this court indicated that he could not. *See Hoban v. Bucklin, supra* at 81, 184 A. at 367.

■■ The common-law doctrine of adverse possession developed from the statutes of limitation on actions for the recovery of land. 3 AMERICAN LAW OF PROPERTY § 15.1 (A. J. Casner ed. 1951); *see* RSA 508:2. The primary purpose of such statutes is to bar stale claims by legal owners of land. *Id.* at § 15.2. Because an owner of land must bring an action within the statutory limitation period, the possession of the occupant must be of such a nature as to have given the owner a cause of action. *Id.* at § 15.4. To successfully maintain a claim based on adverse possession, the possessor and its predecessors in title must show "adverse, continuous, uninter-rupted use of the land . . . [he claims] in such a manner" as to give reasonable notice "to the record owner that an adverse claim was

being made to it." *Page v. Downs*, 115 N.H. 373, 374, 341 A.2d 767, 768 (1975).

In *Hoban v. Bucklin*, the court adopted a subjective test to determine whether the claim of one who enters under color of title is adverse to that of the true owner. 88 N.H. at 81, 184 A. at 367. The court noted that "[u]ntil information of the claim [of another] is received, there is no position of avowed hostility towards it. Claims not known to exist are not consciously opposed." *Id.* But the court went on to hold that, once a possessor is made aware of another's claim and manifests clear hostility toward it, his use of the land is adverse from the beginning. *Id.* at 82, 184 A. at 367. Thus, the court held that when one enters land under color of title, hostility to the claim of the true owner cannot be presumed but must be demonstrated. *See id.*

■■ To the extent that the decision in *Hoban* required proof of the possessor's subjective intent to hold land adversely to the true owner, we repudiate it. *See generally* 3 AMERICAN LAW OF PROPERTY § 15.5; 7 R. POWELL, THE LAW OF REAL PROPERTY, para. 1015 (1979). The purpose of the requirement that a party hold land adversely to the right of the true owner is to alert the owner that he has a cause of action before that action is foreclosed by the statute of limitations. *See Page v. Downs*, 115 N.H. at 374, 341 A.2d at 768; 3 AMERICAN LAW OF PROPERTY at § 15.4. It is unnecessary to inquire into the motives of a possessor. The acts of his entry onto and possession of the land should, regardless of the basis of the occupancy, alert the true owner of his cause of action. Such acts are "an assertion of . . . [the possessor's] own title, and the denial of the title of all others. It matters not, that the possessor was mistaken, and had he been better informed, would not have entered on the land." *French v. Pearce*, 8 Conn. 439, 445 (1831).

■■ The fact that the Brunos claimed title to land under a deed may be evidence that they thought they owned the land and, therefore, did not subjectively think that they held the land adversely to the true owner. That intent, however, is irrelevant. As the trial court found, the Brunos and their predecessors used the land in question as if it were their own for over twenty years. Such use is sufficient to put the Hewes or their predecessors on notice of an adverse claim. Moreover, "a claim of adverse possession may in fact be strengthened when one has color of title." *Cataldo v. Grappone*, 117 N.H. 1043, 1048, 381 A.2d 1194, 1197 (1977). Because plaintiffs failed to assert their rights within the twenty-

year period of the statute of limitations, they are barred. The trial court is directed to enter a decree establishing title in the Brunos' name by a claim of adverse possession.

*Reversed and remanded.*

All concurred.