Grafton
No. 84-486

CLARENCE F. BARNARD, JR., *& a.*

v.

WILLIAM ELMER

August 7, 1986

*Nighswander, Martin, Kidder and Mitchell P.A.*, of Laconia (*Walter L. Mitchell* on the brief and orally), for the plaintiffs.

*Cleveland, Waters and Bass*, of Concord (*Cynthia A. Szopa* on the brief and orally), for the defendant.

MEMORANDUM OPINION

This is an appeal from decisions of the superior court in two consolidated actions. The first suit began in 1977 with a petition to quiet title to a strip of land, to which the plaintiffs claimed record title, lying adjacent to the disputed common boundary between plaintiffs' and defendant's properties in Thornton. Some six years later, the plaintiffs began the second action by petition to enjoin the defendant from exercising rights of ownership over a different parcel of ninety acres, which the defendant claimed to have obtained by deed from one Boyce in 1983, and which the plaintiffs claimed to be part of their tract. After a consolidated bench trial of the two cases, the Superior Court (*Johnson,* J.) found for the plaintiffs in each action. In these appeals the defendant raises issues of judicial discretion and evidentiary sufficiency, upon which we affirm.

The defendant first claims that the court erred in ordering consolidation of the actions for trial. We will reverse this ruling only for abuse of discretion. *Assoc. Home Util's, Inc. v. Town of Bedford,* 120 N.H. 812, 815, 424 A.2d 186, 188–89 (1980). Upon filing the second action, the plaintiffs moved for consolidation, to which the defendant objected. At a pretrial hearing on the day before the

scheduled trial of the first action, the court ordered that the two be tried together. The superior court has discretionary power to order consolidation of cases in situations such as this where the parties are the same and there is much common evidence, consisting of title documents, an extensive view and testimony as to acts of adverse possession. SUPER. CT. R. 113. Consolidation therefore was proper unless the defendant was prejudiced by the failure to receive adequate notice. It is indisputable that the clerk of the court should have scheduled the motion for an earlier hearing, and that the shortness of notice to the defendant invited objection. We conclude, however, that the short notice received was adequate in light of the cases' common features and the court's offers to continue the conclusion of the trial to allow further evidence, if the defendant would need more time to prepare and present anything of significance. The defendant made no motion for continuance at the conclusion of the seven-day trial, and his claim of prejudice remains only general to this day. We hold that the consolidation was not reversible error and did not deprive the defendant of due process of the law.

■ The second assignment of error challenges the court's consideration of the plaintiffs' claim of adverse possession of the ninety-acre tract. The title history of the plaintiffs' tract showed a deed of the property in question from the plaintiffs' predecessor to Boyce in 1925, and a mortgage from Boyce back to the predecessor. The plaintiffs' petition for injunction did not specifically allege their source of title; the defendant's answer and cross-petition pleaded the deed from Boyce to the defendant and alleged in effect that any adverse use by plaintiffs had not ripened into title. The plaintiffs filed no replication to this. The defendant argues that the plaintiffs should have been foreclosed from claiming adverse possession for two reasons. First, they failed to plead it as an affirmative defense to the defendant's claim of title under the Boyce deed. *See Hewes v. Bruno*, 121 N.H. 32, 33, 424 A.2d 1144, 1144–45 (1981) (rule of adverse possession derived from statute of limitations); *Yeaton v. Skillings*, 100 N.H. 316, 320, 125 A.2d 923, 926 (1956) (statute of limitations an affirmative defense to be raised either by plea or brief statement). Second, the plaintiffs' failure to deny the defendant's allegation that any adverse possession exercised over the property was insufficient to give rise to title was an admission to that effect. Although the plaintiffs' pleadings were deficient in failing either to raise adverse possession as an affirmative defense or to deny the defendant's allegations, the trial court had discretion to consider the issue if the defendant was not surprised. *See Blanchard v. Calderwood*, 110 N.H. 29, 33, 260 A.2d 118, 121 (1969) (trial court

has discretion to permit statute of frauds defense to be raised at trial even though statute not seasonably pled, particularly when plaintiff had received pretrial notice that the defendant would rely upon it). The record discloses no abuse of discretion; the plaintiffs' claim of adverse use was noted at the pretrial hearing, plaintiffs' counsel stated without contradiction that he had mentioned the claim to defense counsel repeatedly before trial, and the defendant's own pleading indicates that he anticipated that adverse possession would be an issue.

Finally, the defendant maintains that there was insufficient evidentiary support for the court's conclusions that the defendant had not gained title of the boundary strip by adverse possession, but that the plaintiffs and their predecessors had thus perfected title to the ninety-acre parcel. We disagree. An examination of the record is sufficient to indicate that a reasonable trier of fact could have found as the court did. *See McAllister v. Peerless Ins. Co.*, 124 N.H. 676, 679, 474 A.2d 1033, 1035 (1984). Briefly, the defendant's evidence indicated only that he had walked the boundary strip of the wooded land in question from time to time, and at some point had made blazes on trees to delineate the northern boundary he claimed, and had marked trees for lumbering. The defendant made a passing reference to his payment of taxes on the strip, but the record includes no documentary evidence to that effect. Based on this evidence, the court could reasonably have found that the defendant failed to exercise such use and control over the disputed property as to acquire any interest by adverse possession, even given the nature of the property. *See Page v. Downs*, 115 N.H. 373, 375, 341 A.2d 767, 769 (1975).

As to the ninety-acre parcel, the plaintiffs presented evidence that both they and their predecessors had engaged in one or more of the following activities—logging, pruning, clearing, and sap and Christmas tree harvesting—for more than twenty years. These activities could have been found sufficient to support the plaintiffs' claim of adverse possession, given the uses to which the property is adapted. *See id.*

*Affirmed.*

BATCHELDER and JOHNSON, JJ., did not sit.